PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions and asks that the Court authorize the amended standard instructions for publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.
Following publication of its proposals in The Florida Bar News, on December 27, 2012, the Committee filed its report in this case, proposing amendments to the standard criminal jury instructions. The Committee received comments from two assistant public defenders and the Florida Public Defender Association. The Committee declined to change its proposals upon review of the comments. Having considered the Committee’s report and the comments received by the Committee, we authorize for publication and use the following amended and new instructions as proposed by the Committee: 11.13 (Voyeurism); 11.13(a)-(b) (Video Voyeurism); 11.13(c)-(d) (Video Voyeurism Dissemination); 11.13(e)-(g) (Commercial Video Voyeurism); 11.13(h) (Voyeurism Involving Certain Aged Minors or Defendants); 11.17(a) (Soliciting for Unlawful Sexual Conduct Using Computer Services or Devices); 11.17(b) (Soliciting Parent, Legal Guardian, or Custodian of a Child for Unlawful Sexual Conduct Using Computer Services or Devices); 11.17(c) (Traveling to Meet a Minor); 11.17(d) (Traveling to Meet a Minor Facilitated by a Parent, Legal Guardian, or Custodian); 13.5 (Trespass on School Property with a Firearm/Weapon); 15.1 (Robbery); 15.3 (Home-Invasion Robbery); 16.1 (Aggravated Child Abuse); 16.2 [Reserved]; 16.3 (Child Abuse); and 16.5-16.6 (Neglect of a Child).[1]
We authorize for publication and use amended instructions 15.2 (Carjacking) and 15.4 (Robbery by Sudden Snatching) as proposed by the Committee, but with one minor modification: we include the definition of “weapon” that is included in instructions 15.1 (Robbery) and 15.3 (Home-Invasion Robbery).
The new and amended instructions, as set forth in the appendix to this opinion, are authorized for publication and use.[2] *264 New language is indicated by underlining and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

APPENDIX

11.13 VOYEURISM
§ 810.14, Fla. Stat.
To prove the crime of Voyeurism, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) secretly [observed] (victim).
2. The (act alleged) was done with a [lewd] [lascivious] [indecent] intent.
3. When (victim) was observed [he] [she] was in a [dwelling] [structure] [conveyance] in which [he][she] had a reasonable expectation of privacy.
The words lewd, lascivious, and indecent mean the same thing:* a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing the act.

Definitions. Give as applicable. Jacobs v. State, 41 So.3d 1004 (Fla. 1st DCA 2010).

“Dwelling” means a building [or conveyance] of any kind, including any attached porch [or attached garage], whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it. The enclosure need not be continuous and may have an opening for entering and exiting.

Jacobs v. State, 41 So.3d 1004 (Fla. 1st DCA 2010).

“Structure” means any kind of building, either temporary or permanent, that has a roof over it, together with the enclosed space of ground and outbuildings immediately surrounding it. The enclosure need not be continuous and may have an opening for entering and exiting.
“Conveyance” means any motor vehicle, ship, vessel, railroad car, trailer, aircraft or sleeping car.
*265 Lesser Included Offenses
No lesser included offenses — have-been identified for this offense.
[[Image here]]
Comments
It is error to inform the jury of a prior conviction before a determination of guilt of the charged offense. Therefore, do not read the allegation of prior conviction or send the information or indictment into the jury room. If the defendant is convicted of the current charge, the historical fact of a previous conviction shall be determined beyond a reasonable doubt by the jury in a bifurcated proceeding. State v. Harbaugh, 754 So.2d 691 (Fla.2000).
This instruction was adopted in 2000 [765 So.2d 692], and amended in 2008 [982 So.2d 1160] and 2013.
11.13(a) VIDEO VOYEURISM
§ 810.145(2)(a) or (b), Fla. Stat.
To prove the crime of Video Voyeurism, the State must prove the following four five elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. intentionally [used] [or] [installed] an imaging device to secretly [view] [broadcast] [or] [record] (victim) for [his][her] own [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] [or] [for the purpose of degrading or abusing (victim) ].
b. intentionally permitted [the use] [or] [installation] of an imaging device to secretly [view] [broadcast] [or] [record] (victim) for the [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] [of another or on behalf of another].
2. (Victim) was thereby [viewed] [broadcast] [or] [recorded] at a time when the (victim) was [dressing] [undressing] [or] [privately exposing [his][her] body].
3. At the place and time when (victim) was [viewed] [broadcast] [or] [recorded], [he][she] had a reasonable expectation of privacy.
4. The [viewing] [broadcast] [or] [recording] of (victim) was without the knowledge and consent of (victim).
5. At the time (defendant) [viewed] [broadcast] [or] [recorded] (victim), (defendant) was [19 years of age or older] [under 19 years of age].

Definitions.

“Broadcast” means electronically transmitting a visual image with the intent that it be viewed by another person.
*266 “Imaging device” means any mechanical, digital, or electronic viewing device; still camera; camcorder; motion picture camera; or any other instrument, equipment, or format capable of recording, storing, or transmitting visual images of another person.
“Place and time when a person has a reasonable expectation of privacy” means a place and time when a reasonable person would believe that he or she could fully disrobe in privacy, without being concerned that his or her undressing was being viewed, recorded, or broadcasted by another, including, but not limited to, the interior of a residential dwelling, bathroom, changing room, fitting room, dressing room, or tanning booth.
“Privately exposing the body” means exposing a sexual organ.
Lesser Included Offenses
No lesser included offenses.have-been identified for-this-offense.
[[Image here]]
Comments
It is error to inform the jury of a prior conviction before a determination of guilt of the charged offense. Therefore, do not read the allegation of prior conviction or send the information or indictment into the jury room. If the defendant is convicted of the current charge, the historical fact of a previous conviction shall be determined beyond a reasonable doubt by the jury in a bifurcated proceeding. State v. Harbaugh, 754 So.2d 691 (Fla.2000).
This instruction was adopted in 2008 [982 So.2d 11601 and 2013.
11.13(b) VIDEO VOYEURISM
§ 810.145(2)(c), Fla. Stat.
To prove the crime of Video Voyeurism, the State must prove the following three four elements beyond a reasonable doubt:
1. (Defendant) intentionally used an imaging device to secretly [view] [broadcast] [or] [record] [under] [or] [through] the clothing worn by(victim) for the [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] of [himself] [herself] [or] [another].
2. (Defendant’s) use of the imaging device was for the purpose of viewing [the body of] [or] [the undergarments worn by] (victim).
3. (Defendant’s) use of the imaging device was without the knowledge and consent of (victim).
4. At the time (defendant) used an imaging device to secretly [view] [broadcast] [or] [record] (victim), (defendant) was [19 years of age or older] [under 19 years of age].

Definitions.

“Broadcast” means electronically transmitting a visual image with the intent that it be viewed by another person.
*267 “Imaging device” means any mechanical, digital, or electronic viewing device; still camera; camcorder; motion picture camera; or any other instrument, equipment, or format capable of recording, storing, or transmitting visual images of another person.
Lesser Included Offenses
■No lesser included-offenses — have 'been identifíed-for-this -offense.
[[Image here]]
Comments
It is error to inform the jury of a prior conviction before a determination of guilt of the charged offense. Therefore, do not read the allegation of prior conviction or send the information or indictment into the jury room. If the defendant is convicted of the current charge, the historical fact of a previous conviction shall be determined beyond a reasonable doubt by the jury in a bifurcated proceeding. State v. Harbaugh, 754 So.2d 691 (Fla.2000).
This instruction was adopted in 2008 [982 So.2d 11601 and 2013.
11.13(c) VIDEO VOYEURISM DISSEMINATION
(Image created in violation of section 810.145(2)(a) and (b))
§ 810.145(3), Fla. Stat.
To prove the crime of Video Voyeurism Dissemination, the State must prove the following sfeseven elements beyond a reasonable doubt:

Give la or lb as applicable.

1.(Defendant) [or some other person]
(a) intentionally [used] [or] [installed] an imaging device to secretly [view] [broadcast] [or] [record] (victim) for [his][her] own [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] [or] [for the purpose of degrading or abusing (victim) ].
(b) intentionally permitted [the use] [or] [installation] of an imaging device to secretly [view] [broadcast] [or] [record] (victim) for the [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] [of another or on behalf of another].
2. (Victim) was thereby [viewed] [broadcast] [or] [recorded] at a time when the — [he] [she] (victim) was [dressing] [undressing] [or] [privately exposing [his][her] body].
3. At the place and time when (victim) was [viewed] [broadcast] [or] [recorded], [he][she] had a reasonable expectation of privacy.
4. The [viewing] [broadcast] [or] [recording] of (victim) was without the knowledge and consent of (victim).
5. (Defendant) intentionally [disseminated] [distributed] [or] [transferred] an image of (victim) created *268 in this manner to another person for the purpose of [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] [or for the purpose of degrading or abusing (victim) ].
6. At the time (defendant) [disseminated] [distributed] [or] [transferred] the image of (victim), (defendant) knew or had reason to believe that the image of (victim) had been created in this manner.
7. At the time (defendant) [disseminated] [distributed] [or] [transferred] the image of (victim), (defendant) was [19 years of age or older] [under 19 years of age].

Definitions.

“Broadcast” means electronically transmitting a visual image with the intent that it be viewed by another person.
“Imaging device” means any mechanical, digital, or electronic viewing device; still camera; camcorder; motion picture camera; or any other instrument, equipment, or format capable of recording, storing, or transmitting visual images of another person.
“Place and time when a person has a reasonable expectation of privacy” means a place and time when a reasonable person would believe that he or she could fully disrobe in privacy, without being concerned that their undressing was being viewed, recorded, or broad-casted by another, including, but not limited to, the interior of a residential dwelling, bathroom, changing room, fitting room, dressing room, or tanning booth.
“Privately exposing the body” means exposing a sexual organ.
Lesser Included Offenses
No lesser ■ included-offenses have been identified-for ■ this-offense-
[[Image here]]
Comments
It is error to inform the jury of a prior conviction before a determination of guilt of the charged offense. Therefore, do not read-the allegation of prior conviction or send the information or indictment into the jury room. If the defendant is convicted of the current charge, the historical fact of a previous conviction shall be determined beyond a reasonable doubt by the jury in a bifurcated proceeding. State v. Harbaugh, 754 So.2d 691 (Fla.2000).
This instruction was adopted in 2008 T982 So.2d 1160] and 2013.
11.13(d) VIDEO VOYEURISM DISSEMINATION
(Image created in violation of section 810.145(2)(c))
§ 810.145(3), Fla. Stat.
To prove the crime of Video Voyeurism Dissemination, the State must prove the following fivesix elements beyond a reasonable doubt:
*269 1. (Defendant) [or some other person] intentionally used an imaging device to secretly [view] [broadcast] [or] [record] [under] [or] [through] the clothing worn by (victim) for the [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] of [himself] [herself] [or] [another].
2. (Defendant’s) [or some other person’s] use of the imaging device was for the purpose of viewing [the body of] [or] [the undergarments worn by] (victim).
3. (Defendant’s) [or some other person’s] use of the imaging device was without the knowledge and consent of (victim).
4. (Defendant) intentionally [disseminated] [distributed] [or] [transferred] an image of (victim) created in this manner to another person for the purpose of [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] [or for the purpose of degrading or abusing (victim) ].
5. At the time (defendant) [disseminated] [distributed] [or] [transferred] the image of (victim), (defendant) knew or had reason to believe that the image of (victim) had been created in this manner.
6. At the time (defendant) [disseminated] [distributed] [or] [transferred] the image of (victim), (defendant) was [19 years of age or older] [under 19 years of age].

Definitions.

“Broadcast” means electronically transmitting a visual image with the intent that it be viewed by another person.
“Imaging device” means any mechanical, digital, or electronic viewing device; still camera; camcorder; motion picture camera; or .any other instrument, equipment, or format capable of recording, storing, or transmitting visual images of another person.
Lesser Included Offenses
No lesser included-offenses have been identified for this-offense;-
[[Image here]]
Comments
It is error to inform the jury of a prior conviction before a determination of guilt of the charged offense. Therefore, do not read the allegation of prior conviction or send the information or indictment into the jury room. If the defendant is convicted of the current charge, the historical fact of a previous conviction shall be determined beyond a reasonable doubt by the jury in a bifurcated proceeding. State v. Harbaugh, 754 So.2d 691 (Fla.2000).
This instruction was adopted in 2008 [982 So.2d 1160] and 2013.
*270 11.13(e) COMMERCIAL VIDEO VOYEURISM
(Image created in violation of section 810.145(2)(a) or (b))
§ 810.145(4)(a), Fla. Stat.
To prove the crime of Commercial Video Voyeurism, the State must prove the following sixseven elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant) [or some other person]
a. intentionally [used] [or] [installed] an imaging device to secretly [view] [broadcast] [or] [record] (victim) for [his][her] own [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] [or] [for the purpose of degrading or abusing (victim) ].
b. intentionally permitted [the use] [or] [installation] of an imaging device to secretly [view] [broadcast] [or] [record] (victim) for the [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] [of another or on behalf of another].
2. (Victim) was thereby [viewed] [broadcast] [or] [recorded] at a time when the (victim) was [dressing] [undressing] [or] [privately exposing [his][her] body].
3. At the place and time when (victim) was [viewed] [broadcast] [or] [recorded], [he] [she] had a reasonable expectation of privacy.
4. The [viewing] [broadcast] [or] [recording] of (victim) was without the knowledge and consent of (victim).
5. (Defendant) sold an image of (victim) created in this manner to another person for consideration.
6. (Defendant) knew or had reason to believe that the image of (victim) sold had been created in this manner.
7. At the time (defendant) sold the image of (victim), (defendant) was [19 years of age or older] [under 19 years of age].

Definitions.

“Broadcast” means electronically transmitting a visual image with the intent that it be viewed by another person.
“Imaging device” means any mechanical, digital, or electronic viewing device; still camera; camcorder; motion picture camera; or any other instrument, equipment, or format capable of recording, storing, or transmitting visual images of another person.
“Place and time when a person has a reasonable expectation of privacy” means a place and time when a reasonable person would believe that he or she could fully disrobe in privacy, without being concerned that their undressing was being viewed, recorded, or broad-casted by another, including, but not limited to, the interior of a residential dwelling, bathroom, changing room, fitting room, dressing room, or tanning booth.
“Privately exposing the body” means exposing a sexual organ.
Lesser Included Offenses
No lesser included-offenses have been identified for this -offense-
*271 [[Image here]]
Comments
It is error to inform the jury of a prior conviction before a determination of guilt of the charged offense. Therefore, do not read the allegation of prior conviction or send the information or indictment into the jury room. If the defendant is convicted of the current charge, the historical fact of a previous conviction shall be determined beyond a reasonable doubt by the jury in a bifurcated proceeding. State v. Harbaugh, 754 So.2d 691 (Fla.2000).
This instruction was adopted in 2008 [982 So.2d 1160] and 2013.
11.13(f) COMMERCIAL VIDEO VOYEURISM
(Image created in violation of section 810.145(2)(c))
§ 810.145(4)(a), Fla. Stat.
To prove the crime of Commercial Video Voyeurism, the State must prove the following fivesix elements beyond a reasonable doubt:
1. (Defendant) [or some other person] intentionally used an imaging device to secretly [view] [broadcast] [or] [record] [under] [or] [through] the clothing worn by (victim) for the [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] of [himself] [herself] [or] [another].
2. (Defendant’s) [or some other person’s] use of the imaging device was for the purpose of viewing [the body of] [or] [the undergarments worn by] (victim).
3. (Defendant’s) [or some other person’s] use of the imaging device was without the knowledge and consent of (victim).
4. (Defendant) sold an image of (victim) created in this manner to another person for consideration.
5. (Defendant) knew or had reason to believe that the image of (victim) sold had been created in this manner.
6. At the time (defendant) sold the image of (victim), (defendant) was [19 years of age or older] [under 19 years of age].

Definitions.

“Broadcast” means electronically transmitting a visual image with the intent that it be viewed by another person.
“Imaging device” means any mechanical, digital, or electronic viewing device; still camera; camcorder; motion picture camera; or any other instrument, equipment, or format capable of recording, storing, or transmitting visual images of another person.
Lesser Included Offenses
■No-lesser--included--offenses-have been identified for this offense.
*272 [[Image here]]
Comments
This instruction.is--based on section 810.145(2)(cXF-lor-ida-Statates (2004).
It is error to inform the jury of a prior conviction before a determination of guilt of the charged offense. Therefore, do not read the allegation of prior conviction or send the information or indictment into the jury room. If the defendant is convicted of the current charge, the historical fact of a previous conviction shall be determined beyond a reasonable doubt by the jury in a bifurcated proceeding. State v. Harbaugh, 754 So.2d 691 (Fla.2000).
This instruction was adopted in 2008 1982 So.2d 11601 and 2013.
11.13(g) COMMERCIAL VIDEO VOYEURISM
(Image created in violation of section 810.145(2)(a) or (b)>
§ 810.145(4)(b), Fla. Stat.
To prove the crime of Commercial Video Voyeurism, the State must prove the following fivesix elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Defendant)
a. intentionally [used] [or] [installed] an imaging device to secretly [view] [broadcast] [or] [record] (victim) for [his][her] own [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] [or] [for the purpose of degrading or abusing (victim) ].
b. intentionally permitted [the use] [or] [installation] of an imaging device to secretly [view] [broadcast] [or] [record] (victim) for the [amusement] [entertainment] [sexual arousal] [gratification] [or] [profit] [of another on behalf of another].
2. (Victim) was thereby [viewed] [broadcast] [or] [recorded] at a time when the (victim) was [dressing] [undressing] [or] [privately exposing [his][her] body].
3. At the place and time when (victim) was [viewed] [broadcast] [or] [recorded], [he] [she] had a reasonable expectation of privacy.
4. The [viewing] [broadcast] [or] [recording] of (victim) was without the knowledge and consent of (victim).
5. (Defendant) [disseminated] [distributed] [or] [transferred] an image of (victim) created in this manner to another person for that person to sell to others.
6. At the time (defendant) [disseminated] [distributed] [or] [transferred] an image of (victim), (defendant) was [19 years of age or older] [under 19 years of age].

Definitions.

“Broadcast” means electronically transmitting a visual image with the intent that it be viewed by another person.
“Imaging device” means any mechanical, digital, or electronic viewing device; still camera; camcorder; motion picture camera; or any other instrument, equip *273 ment, or format capable of recording, storing, or transmitting visual images of another person.
“Place and time when a person has a reasonable expectation of privacy” means a place and time when a reasonable person would believe that he or she could fully disrobe in privacy, without being concerned that their undressing was being viewed, recorded, or broad-casted by another, including, but not limited to, the interior of a residential dwelling, bathroom, changing room, fitting room, dressing room, or tanning booth.
“Privately exposing the body” means exposing a sexual organ.
Lesser Included Offenses
No lesser- included-offenses have been identified for this offense.
[[Image here]]
Comments
It is error to inform the jury of a prior conviction before a determination of guilt of the charged offense. Therefore, do not read the allegation of prior conviction or send the information or indictment into the jury room. If the defendant is convicted of the current charge, the historical fact of a previous conviction shall be determined beyond a reasonable doubt by the jury in a bifurcated proceeding. State v. Harbaugh, 754 So.2d 691 (Fla.2000).
This instruction was adopted in 2008 [982 So.2d 1160] and 2018.
11.13(h) [VIDEO VOYEURISM] [VIDEO VOYEURISM DISSEMINATION] [COMMERCIAL YIDEO VOYEURISM] INVOLVING CERTAIN AGED MINORS OR DEFENDANTS
§ 810.145(8)(a), Fla. Stat.
To prove the crime of [Video Voyeurism] [Video Voyeurism Dissemination] [Commercial Video Voyeurism] Involving Certain Aged Minors or Defendants, the State must prove the following [six] [seven] [eight] [nine] [ten] elements beyond a reasonable doubt:

First, instruct on the elements for the underlying type of video voyeurism charged.

For Video Voyeurism under Fla. Stat. 810.11p5(2)(a) or (b), there ‘are five elements. See Instruction 11.13(a).

For Video Voyeurism, Dissemination under Fla. Stat. 810.115(3) for an image created in violation of Fla. Stat. 810.115(2) (a) and (b), there are seven elements. See Instruction 11.13(c).

For Video Voyeurism under Fla. Stat. 810.115(2)(c), there are four elements. See Instruction 11.13(b).

For Video Voyeurism Dissemination under Fla. Stat. 810.115(3) for an image created in violation of Fla. Stat. 810.115(2) (c), there are six elements. See Instruction 11.13(d).

•For Commercial Video Voyeurism under Fla. Stat. 810.115(l)(a) for an image 
*274
created in violation of Fla. Stat. 810.H5(2)(a) or (b), there are seven elements. See Instruction 11.13(e).

For Commercial Video Voyeurism under Fla. Stat. 810.US(j)(a) for an image created in violation of Fla. Stat. 810.U5(2)(c), there are six elements. See Instruction 11.13(f).

For Commercial Video Voyeurism under Fla. Stat. 810.U5(4)(b) for an image created in violation of Fla. Stat. 810.1f5(2)(a) or (b), there are six elements. See Instruction 11.13(g).

Then, give (a) and/or (b) and!or (c) and/or (d) combined with # 1 or #2 or # 3 depending on what is charged.
At the time (defendant)
a. [viewed] [broadcast] [or] [recorded] (victim), [or]
b. used an imaging device to secretly [view] [broadcast] [or] [record] (victim), [or]
c. [disseminated] [distributed] [or] [transferred] the image of (victim), [or]
d. sold the image of (victim),

If Fla. Stat. 810.U5(8)(a)l is charged:

1. (defendant) was 18 years of age or older, (defendant) was responsible for the welfare of (victim), and (victim) was younger than 16 years of age.

If Fla. Stat. 810.1j5(8) (a)2 is charged:

2. (defendant) was 18 years of age or older, (defendant) was employed at a [private school] [school] [voluntary prekindergarten education program, and (victim) was a student of the [private school] [school] [voluntary prekindergarten education program].

If Fla. Stat. 810.115(8) (a)3 is charged:

3. (defendant) was 24 years of age or older and (victim) was younger than 16 years of age.

Give if appropriate.

It is mot a defense that (defendant) did not know or did not have reason to know (victim’s) age.

Definitions. Give as applicable.

Fla. Stat. 1002.01.

“Private School” means a nonpublic school defined as an individual, association, copartnership, or corporation, or department, division, or section of such organizations, that designates itself as an educational center that includes kindergarten or a higher grade or as an elementary, secondary, business, technical, or trade school below college level or any organization that provides instructional services that meet the intent of Fla. Stat. 1003.01(13) or that gives preemployment or supplementary training in technology or in fields of trade or industry or that offers academic, literary, or career training below college level, or any combination of the above, including an institution that performs the functions of the above schools through correspondence or extension, except those licensed under the provisions of Florida Statutes, Chapter 1005. A private school may be a parochial, religious, denominational, for-profit, or nonprofit school. This definition does not include home education programs conducted in accordance with Fla. Stat. 1002,41.

Fla. Stat. 1003.01.

“School” means an organization of students for instructional purposes on an elementary, middle or junior high *275 school, secondary or high school, or other public school level authorized under rules of the State Board of Education.

Fla. Stat. 1002.5S(3)(a), (b), or (c).

“Voluntary Prekindergarten Education Program” means a school-year prekindergarten program delivered by a private prekindergarten provider under Fla. Stat. 1002.55; a summer prekindergarten program delivered by a public school or private prekindergarten provider under Fla. Stat. 1002.61; or a school-year prekindergarten program delivered by a public school.
Lesser Included Offenses
The lesser-included offense depends on what type of underlying voyeurism is charged.
Comments
It is error to inform the jury of a prior conviction before a determination of guilt of the charged offense. Therefore, do not read the allegation of prior conviction or send the information or indictment into the jury room. If the defendant is convicted of the current charge, the historical fact of a previous conviction shall be determined beyond a reasonable doubt by the jury in a bifurcated proceeding. State v. Harbaugh, 754 So.2d 691 (Fla.2000).
This instruction was adopted in 2013.
11.17(a) SOLICITING A [CHILD] [PERSON BELIEVED BY THE DEFENDANT TO BE A CHILD] FOR UNLAWFUL SEXUAL CONDUCT USING COMPUTER SERVICES OR DEVICES
§ 847.0135(3)(a), Fla. Stat.
To prove the crime of Soliciting a [ Child] [Person Believed by the Defendant to be a Child] for Unlawful Sexual Conduct Using Computer Services or Devices, the State must prove the following {three] [four] elements beyond a reasonable doubt:
1. (Defendant) knowingly used a[n] [computer on-line service] [Internet service] [local bulletin board service] [any other device capable of electronic data storage or transmission*)^ to contact (victim).
2. (Victim) was a child or a person believed by the defendant to be a child.
3. During that contact, (©defendant) [seduced] [solicited] [lured] [enticed] [attempted to} [seduce] [solicit] [lure] [entice]] (victim) to engage in (any illegal act as charged in the indictment or information under chapter 794, 800, 827, or other unlawful sexual conduct with a child or with a person believed by the defendant to be a child).

Enhanced penalty. Give if applicable.

If you find (defendant) guilty of Soliciting a Child for Unlawful Sexual Conduct Using Computer Services or Devices, you must also determine if whether the State has proved beyond a reasonable doubt whether that:
during the contact, (©defendant) misrepresented [his][her] age to the [■■(victim) ] — [law—enforcement—officer representing [himself] [herself] to be a person under 18-year-s-of-age]. [ (victim)] [the person believed by the defendant to be a child].
The mere fact that an undercover operative or law enforcement officer was involved in the detection and investigation of this offense shall not constitute a defense from prosecution.
. Definitions.
*276 A “child” means any person, whose identity is known or unknown, less than 18 years of age.

Give the following definitions if applicable. Additional definitions can be added as applicable depending on the nature of the alleged illegal conduct.

“Sexual conduct” means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person’s clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed. A mother’s breastfeeding of her baby does not under any circumstance constitute “sexual conduct.”
“Sadomasochistic abuse” means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm upon another or receiving such harm oneself.
“Sexual battery” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
“Deviate sexual intercourse” means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.
“Sexual bestiality” means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2009 [6 So.3d 574] and amended in 2013.
11.17(b) SOLICITING A PARENT, LEGAL GUARDIAN, OR CUSTODIAN OF A CHILD FOR UNLAWFUL SEXUAL CONDUCT USING COMPUTER SERVICES OR DEVICES
§ 847.0135(3)(b), Fla. Stat.
To prove the crime of Soliciting a Parent of a Child for Unlawful Sexual Conduct Using Computer Services or Devices, the State must prove the following two[three] — [four-] elements beyond a reasonable doubt:
1. (Defendant) knowingly used a[n] [computer on-line service] [Internet service] [local bulletin board service] [any-other device capable of electronic data storage or transmission ] to contact [ (victim) ] a [parent of a child] [legal guardian of a child] [custodian of a child] [person the defendant believed to be a [parent] [legal guardian] [custodian of] a child].
2, — (Victim) was a-child-or — a person believed by the defendant to be a . child.
3.2. During that contact, (©defendant) [seduced] [solicited] [lured] [enticed] [attempted to] [seduce] *277 [solicit] [lure] [entice]] a [parent of a child] [legal guardian of a child] [custodian of a child] ⅛⅛⅛⅜)-] [person believed by the defendant to be a [a parent] [legal guardian] [custodian of] a child] (victim) ] to consent to the participation of (victim) the child in any act described-in (any illegal act as charged in the indictment or information under chapter 794, 800, 827, or other unlawful sexual conduct).

Enhanced penalty. Give if applicable.

If you find (defendant) guilty of Soliciting a Parent of a Child for Unlawful Sexual Conduct Using Computer Services or Devices, you must also determine if whether the State has proved beyond a reasonable doubt whether that:
4 during the contact, (©defendant) misrepresented [his][her] age to the [ (victim) ] — [law-.enforcement officer-representing-[himself] [herself] to be a person under 18 years — of—ageMparent] [legal guardian] [custodian] [person believed by the defendant to be a [parent] [legal guardian] [custodian].
The mere fact that an undercover operative or law enforcement officer was involved in the detection and investigation of this offense shall not constitute a defense from prosecution.

Definitions.

A “child” means any person, whose identity is known or unknown, less than 18 years of age.

Give the following definitions if applicable. Additional definitions can be added as applicable depending on the nature of the alleged illegal conduct.

“Sexual conduct” means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person’s clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed. A mother’s breastfeeding of her baby does not under any circumstance constitute “sexual conduct.”
“Sadomasochistic abuse” means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm upon another or receiving such harm oneself.
“Sexual battery” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
“Deviate sexual intercourse” means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.
“Sexual bestiality” means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.
*278 Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2009 [6 So.3d 5741 and amended in 2013.
11.17(c) TRAVELING TO MEET A MINOR
§ 847.0135(4)(a), Fla. Stat.
To prove the crime of Traveling to Meet a Minor, the State must prove the following fourtwo elements beyond a reasonable doubt:
1. (Defendant) — knowingly [traveled] [attempted to travel]- [within-this state] [to -this — state] [from this state-] used a[n] [computer on-line service] [Internet service] [local bulletin board service] [device capable of electronic data storage or transmission] to [seduce] [solicit] [lure] [entice] [attempt to [seduce] [solicit] [lure] [entice]] a [child] [person believed by the defendant to be a child] to engage in [ (insert illegal act in chapter 794, 800, or 827 as alleged in the charging instrument) ] [unlawful sexual conduct].
2. (Defendant) did-so-4ior the purpose of engaging-in-any-illegal act described-in-[-(insert violation of chapter 794, 800,-or-827-as alleged in the charging-instrument) ] [other unlawful sexual- conduct]-with-(viG-tim)-after — using [a computer online service]- [Internet sendee] [lo-cál bulletin — board—sendee] [any other device capable of electronic data-stor-age-or — transmission] to contact-a-ehild then [traveled] [attempted to travel] [caused another to travel] [attempted to cause another to travel] [within this state] [to this state] [from this state] for the purpose of [ (insert violation of chapter 794, 800, or 827 as alleged in the charging instrument) ] [unlawful sexual conduct] with a [child] [person believed by the defendant to be a child].
3, — (Victim) was-a-child-or-a person believed-by-the — defendant to-be-a child.
4 — (-Defendant)—[seduced]—[solicited] [lured] — [enticed]—[attempted to] [seduce] — [solicit]—[lure]—[entice] (victim) to engage in (any-illegal-act as-charged-in the indictment -or — information — under chapter 794,-800⅛-827, or other unlawful- sexual — conduct).
The mere fact that an undercover operative or law enforcement officer was involved in the detection and investigation of this offense shall not constitute a defense from prosecution.

Definitions.

A “child” means any person, whose identity is known or unknown, less than 18 years of age.

Give the following definitions if applicable. Additional definitions can be added as applicable depending on the nature of the alleged illegal conduct.

“Sexual conduct” means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person’s clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that *279 sexual battery is being or will be committed. A mother’s breastfeeding of her baby does not under any circumstance constitute “sexual conduct.”
“Sadomasochistic abuse” means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm upon another or receiving such harm oneself.
“Sexual battery” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
“Deviate sexual intercourse” means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.
“Sexual bestiality” means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2009 [6 So.3d 574] and amended in 2013.
11.17(d) TRAVELING TO MEET A MINOR FACILITATED BY PARENT, LEGAL GUARDIAN, OR CUSTODIAN
§ 847.0135(4)(b), Fla. Stat.
To prove the crime of Traveling to Meet a Minor Facilitated by Parent, Legal Guardian, or Custodian, the State must prove the following fourtwo elements beyond a reasonable doubt:
1. (Defendant) tr-aveled [attempted to travel-H-within" this state]- [to- this state]- [from this state] used a[n] [computer on-line service] [Internet service] [local bulletin board service] [device capable of electronic data storage or transmission] to [solicit] [lure] [entice] [attempt to [solicit] [lure] [entice]] a [parent] [legal guardian] [custodian] [person believed by the defendant to be a [parent] [legal guardian] [custodian]] of a child to consent for the [child] [person believed by the defendant to be a child] to participate in [ (insert violation of chapter 794, 800, or 827 as alleged in the charging instrument) ] [sexual conduct],
2. (Defendant) did so for the purpose of engaging in any illegal-act described in [ (-insert -violation of chapter 794, 800, or 827 as-alleged in -the charging instrument) ] — [other unlawful — sexual-conduct] with (victim-)-after-using [a computer online service]-[-Internet service] [local bulletin — board - sendee] [any other-device -capable of electronic data.storage- or transmission] to contact a child then [traveled] [attempted to travel] [caused another to travel] [attempted to cause another to travel] [within this state] *280 [to this state] [from this state] for the purpose of engaging in any illegal act described in [ (insert violation of chapter 794, 800, or 827 as alleged in the charging instrument) ] [other unlawful sexual conduct] with a child or a person believed by the defendant to be a child.
& — (Victim) was a child or a person believed by-the defendant to- be-a child,
4 — (Defendant)—[seduced]—[solicited] [lured] — [enticed]—[attempted to] [seduce] [soliGit-]-[-lure] [entice] a [parent] [legal-guardian] [custodian of [ (victm-)-]-[-person believed to be — [a—parent]—[legal—guardian] [custodian-of (victim) ] to consent to the -participation of (victim)-in any act described-in-(any illegal act as charged-in-the-indictment or-information — under—chapter 794, 800,-827, or other unlawful -sexual-conduct).
The mere fact that an undercover operative or law enforcement officer was involved in the detection and investigation of this offense shall not constitute a defense from prosecution.

Definitions.

A “child” means any person, whose identity is known or unknown, less than 18 years of age.

Give thb following definitions if applicable. Additional definitions can be added as applicable depending on the nature of the alleged illegal conduct.

“Sexual conduct” means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person’s clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed. A mother’s breastfeeding of her baby does not under any circumstance constitute “sexual conduct.”
“Sadomasochistic abuse” means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm upon another or receiving such harm oneself.
“Sexual battery” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
“Deviate sexual intercourse” means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.
“Sexual bestiality” means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2009 [6 So.Sd 574] and amended in 2013.
*281 13.5 TRESPASS ON SCHOOL PROPERTY WITH A [FIREARM] [WEAPON]
§ 810.095(1), Fla. Stat.
To prove the crime of Trespass on School Property with a [Firearm] [Weapon], the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) [entered] [remained] on school property.

Give 2a, 2b, or 2c as applicable.

2. a. (Defendant) did not have any legitimate business on the school property or any other authorization, license, or invitation to enter upon the school property.
b. (Defendant) had been authorized, licensed, or invited to enter the school property but then refused to depart when told to do so by [the principal] [the principal’s designee].
c. (Defendant) was a student under suspension or expulsion at the time [he][she] [entered] [remained] on the school property.
3. At the time (defendant) was on the school property, [he] [she] brought onto or was in possession of a [firearm] [weapon].

Definitions. Give as applicable.

Fla. Stat. § 810.095(2).

“School property” means the grounds or facility of any kindergarten, elementary school, middle school, junior high school, secondary school, career center or postsecondary school, whether public or nonpublic.

Fla. Stat. § 790.001(13).

“Weapon” means any dirk, knife, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a closed common pocketknife, plastic knife, or blunt-bladed table knife.
Give if applicable. Porter v. State, 798 So.2d 855 (Fla. 5th DCA 2001).
However, an open pocketknife could constitute a weapon.

R.R. v. State, 826 So.2d 4-65 (Fla. 5th DCA 2002); Cook v. Crosby, 914 So.2d 490 (Fla. 1st PGA 2005).

A “deadly weapon” is any instrument which will likely cause death or great bodily harm when used in the ordinary and usual manner contemplated by its design and construction. An object can be a deadly weapon if its sole modern use is to cause great bodily harm. An object not designed for use as a weapon may nonetheless be a deadly weapon if its use, intended use, or threatened use by the defendant was in a manner likely to inflict death or great bodily harm.

Fla. Stat. § 790.001(6).

“Firearm” means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon, any firearm muffler or firearm silencer; any destructive device; any machine gun. [The term “firearm” does not include an antique firearm unless the antique firearm is used in the commission of a crime.] See Fla. Stat. § 790.001(1) for the definition of antique firearm.

Fla. Stat. § 790.001(3)(b)

“Chemical weapon or device” means any weapon of such nature, except a *282 device known as a “self-defense chemical spray.” “Self-defense chemical spray” means a device carried solely for purposes of lawful self-defense that is compact in size, designed to be carried on or about the person, and contains not more than two ounces of chemical.

Fla. Stat. § 790.001 (tí

[“Destructive device” means any bomb, grenade, mine, rocket, missile, pi-pebomb, or similar device containing an explosive, incendiary, or poison gas and includes any frangible container filled with an explosive, incendiary, explosive gas, or expanding gas, which is designed or so constructed as to explode by such filler and is capable of causing bodily harm or property damage; any combination of parts either designed or intended for use in converting any device into a destructive device and from which a destructive device may be readily assém-bled; any device declared a destructive device by the Bureau of Alcohol, Tobacco, and Firearms; any type of weapon which will, is designed to, or may readily be converted to expel a projectile by the action of any explosive and which has a barrel with a bore of one-half inch or more in diameter; and ammunition for such destructive devices, but not including shotgun shells or any other ammunition designed for use in a firearm other than a destructive device.
“Destructive device” does not include:
a. A device which is not designed, redesigned, used, or intended for use as a weapon;
b. Any device, although originally designed as a weapon, which is redesigned so that it may be used solely as a signaling, line-throwing, safety, or similar device;
c. Any shotgun other than a short-barreled shotgun; or
d. Any nonautomatic rifle (other than a short-barreled rifle) generally recognized or particularly suitable for use for the hunting of big game.]

Lesser Included Offenses

[[Image here]]
*283 Comment
This comment was adopted in 2013.
15.1 ROBBERY
§ 812.13, Fla. Stat.
To prove the crime of Robbery, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) took the (money or property described in charge) from the person or custody of (person alleged).
2. Force, violence, assault, or putting in fear was used in the course of the taking.
3. The property taken was of some value.
4. The taking was with the intent to permanently or temporarily [deprive (victim) of [his][her] right to the property or any benefit from it] [appropriate the property of (victim) to [his][her] own use or to the use of any person not entitled to it].

Definitions.

Assault. § 78J/..011 Fla. Stat. Give if applicable.

An “assault” is an intentional and unlawful threat, either by word or act, to do violence to a victim, when it appears the person making the threat has the ability to carry out the threat, and the act creates in the mind of the victim a well-founded fear that violence is about to take place.

Fear. Give if applicable. Smithson v. State, 689 So.2d 1226 (Fla. 5th DCA 1997).

If the circumstances were such as to ordinarily induce fear in the mind of a reasonable person, then the victim may be found to have been in fear, and actual fear on the part of the victim need not be shown.

In the course of the taking.

“In the course of the taking” means that the act occurred prior to, contemporaneous with, or subsequent to the taking of the property and that the act and the taking of the property constitute a continuous series of acts or events.

Afterthought. Give if applicable. DeJesus v. State, 98 So. 3d 105 (Fla. 2d DCA 2012).

If you find that the taking of property occurred as an afterthought to the use of force or violence against the victim, the taking does not constitute robbery but may still constitute theft.

Title to property. Give if applicable.

In order for a taking of property to be robbery, it is not necessary that the person robbed be the actual owner of . the property. It is sufficient if the victim has the custody of the property at the time of the offense.

Force. Give if applicable.

The taking must be by the use of force or violence or by assault so as to overcome the resistance of the victim, or by putting the victim in fear so that the victim does not resist. The law does not require that the victim of robbery resist to any particular extent or that the victim offer any actual physical resistance if the circumstances are such that the victim is placed in fear of death or great bodily harm if he or she does resist. But unless prevented by fear, there must be some resistance to make the taking one done by force or violence.

Victim unconscious. Give if applicable.

*284 It is also robbery if a person, with intent to take the property from a victim, administers any substance to another so that the victim becomes unconscious and then takes the property from the person or custody of the victim.

Taking. Give if applicable.

In order for a taking by force, violence, or putting in fear to be robbery, it is not necessary that the taking be from the person of the victim. It is sufficient if the property taken is under the actual control of the victim so that it cannot be taken without the use of force, violence, or intimidation directed against the victim.

Enhanced penalty. Give if applicable.

If you find the defendant guilty of the crime of robbery, then you must further determine beyond a reasonable doubt if “in the course of committing the robbery” the defendant carried some kind of weapon. An act is “in the course of committing the robbery” if it occurs in an attempt to commit robbery or in flight after the attempt or commission.

With a firearm.

If you find that the defendant carried a firearm in the course of committing the robbery, you should find [him][her] guilty of robbery with a firearm.
A “firearm” means any weapon [including a starter gun] which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; [the frame or receiver of any such weapon;] [any firearm muffler or firearm silencer;] [any destructive device;] [any machine gun]. [The term “firearm” does not include an antique firearm unless the antique firearm is used in the commission of a crime. An antique firearm is (insert definition in § 790.001(1), Fla. Stat.)] [A destructive device is (insert definition in § 790.001 U), Fla. Stat.) ]

With a deadly weapon.

If you find that the defendant carried a (deadly weapon described in charge) in the course of committing the robbery and that the (deadly weapon described in charge) was a deadly weapon, you should find [him] [her] guilty of robbery with a deadly weapon.
A weapon is a “deadly weapon” if it is used or threatened to be used in a way likely to produce death or great bodily harm.

With other weapon.

If you find that the defendant carried a weapon that was not a [firearm] or a [weapon] in the course of committing the robbery, you should find [him][her] guilty of robbery with a weapon.

A “weapon” is defined to mean any object that could be used to cause death or inflict serious bodily harm.

With no firearm or weapon.

If you find that the defendant carried no firearm or weapon in the course of committing the robbery, but did commit the robbery, you should find [him][her] guilty only of robbery.

Definitions.

A “firearm” is defined as (adapt from §-⅞⅜&⅜⅛¾¾), Fla. Stat., as required -by-allegations-^
A weapon-is a-“deadly-weapon” if it is used-oi — threatened to be used in a way likely to-produce-death-or great bodily
A “weapon” is defined to mean any object that could be-used-to-cause-death or-inflict-ser-ious-bodily harm.

*285
If applicable, see Instruction 5.1 for Also-define■ “attempt” (see-S-.l)*-

Lesser Included Offenses
[[Image here]]
*286 [[Image here]]
*287 [[Image here]]
Comments
For the crime of robbery, a jury can convict of two lesser-included ' offenses such as 1) theft and assault or 2) theft and resisting a merchant in appropriate cases. See Spencer v. State, 71 So.3d 901 (Fla. 1st DCA 2011), and Stuckey v. State, 972 So.2d 918 (Fla. 5th DCA 2007).
This instruction was adopted in 1981 and amended in 1985 [477 So.2d 985], 1989 [543 So.2d 1205], 1995 [665 So.2d 212], and 2008 [982 So.2d 1160], and 2013.
15.2 CARJACKING
§ 812.133, Fla. Stat.
To prove the crime of Carjacking, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) took the motor vehicle from the person or custody of (victim).
2. Force, violence, assault, or putting in fear was used in the course of the taking.
3. The taking was with the intent to temporarily or permanently [deprive (victim) of [his][her] right to the motor vehicle or any benefit from it] [appropriate the motor vehicle of (victim) to [his][her] own use or to the use of any person not entitled to it].

Definitions.

Assault. § 784-011 Fla. Stat. Give if applicable.

An “assault” is defined as an intentional and unlawful threat, either by word or act, to do violence to a victim, when it appears the person making the threat has the ability to carry out the threat, and the act creates in the mind of the victim a well-founded fear that violence is about to take place.

Fear. Give if applicable. Smithson v. State, 689 So.2d 1226 (Fla. 5th DCA 1997).

If the circumstances were such as to ordinarily induce fear in the mind of a reasonable person, then the victim may be found to have been in fear, and actual fear on the part of the victim need not be shown.

In the course of the taking.

*288 “In the course of the taking” means that the act occurred before, during, or after the taking of the motor vehicle and that the act and the taking of the motor vehicle constitute a continuous series of acts or events.

Afterthought Give if applicable. DeJesus v. State, 98 So. 3d 105 (Fla. 2d DCA 2012).

If you find that the taking of the motor vehicle occurred as an afterthought to the use of force or violence against (victim), the taking does not constitute robbery but may still constitute grand theft motor vehicle.

Title to motor vehicle. Give if applicable

In order for a taking of the motor vehicle to be carjacking, it is not necessary that the victim be the actual owner of the motor vehicle. It is sufficient if the victim has the custody of the motor vehicle at the time of the offense.

Force. Give if applicable.

The taking must be by the use of force or violence or by assault so as to overcome the resistance of the victim, or by putting the victim in fear so that the victim does not resist. The law does not require that the victim of carjacking resist to any particular extent or that the victim offer any actual physical resistance if the circumstances are such that the victim is placed in fear of death or great bodily harm if he or she does resist. But unless prevented by fear, there must be some resistance to make the taking one done by force or violence.

Victim unconscious. Give if applicable.

It is also carjacking if a person, with intent to take the motor vehicle from a victim, administers any substance to the victim so that [he][she] becomes unconscious and then takes the motor vehicle from the person or custody of the victim.

Enhanced penalty. Give if applicable.

If you find the defendant guilty of the crime of carjacking, then you must further determine beyond a reasonable doubt if “in the course of committing the carjacking” the defendant carried some kind of weapon. An act is “in the course of committing the carjacking” if it occurs in an attempt to commit carjacking or in flight after the attempt or commission.

With a firearm or deadly weapon.

If you find that the defendant carried a firearm or other deadly weapon in the course of committing the carjacking, you should find [him][her] guilty of carjacking with a firearm or deadly weapon.
A “firearm” means any weapon [including a starter gun] which will, is designed to, or may readijy be converted to expel a projectile by the action of an explosive; [the frame or receiver of any such weapon;] [any firearm muffler or firearm silencer;] [any destructive device;] [any machine gun]. [The term “firearm” does not include an antique firearm unless the antique firearm is used in the commission of a crime. An antique firearm is (insert definition in § 790.001(1), Fla. Stat.) ] [A destructive device is (insert definition in § 790.001(4.), Fla. Stat.) ]
A “weapon” is defined to mean any object that could be used to cause death or inflict serious bodily harm.
A weapon is a “deadly weapon” if it is used or threatened to be used in a way *289 likely to produce death or great bodily harm.

With no firearm or weapon.

If you find that the defendant carried no firearm or weapon in the course of committing the carjacking, but did commit the carjacking, you should find [him] [her] guilty only of carjacking.

The only enhancement under the statute is for carrying a firearm or other deadly weapon, not for carrying a nondeadly weapon as in the robbery statute.

D<sfi/mtion&-

A — -firearm” is defined as (adapt from § 790.001(6), — Fla. Stat., as required by allegations).
A weapon-is- a “deadly weapon” if it is used-or threatened-to be used in a way likely to produce death or — great bodily harm.

If applicable, see Instruction 5.1 for “attempt. ”

Lesser Included Offenses
[[Image here]]
Comments
For the crime of carjacking, it is likely that a jury can convict of two lesser-included offenses such as grand theft auto and assault. See Spencer v. State, 71 So.3d 901 (Fla. 1st DCA 2011).
This instruction was adopted in 1997 [697 So.2d 84] and amended in 2008 [982 So.2d 1160], and 2013.
15.3 HOME-INVASION ROBBERY
§ 812.135, Fla. Stat.
To prove the crime of Home-Invasion Robbery, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) entered the dwelling of (victim).
2. At the time (defendant) entered the dwelling, [he][she] intended to commit robbery.
*290 3. While inside the dwelling, (defendant) did commit robbery.

Nowdefine-r-obbery by-reading 15.1.

A robbery consists of the following:
1. (Defendant) took money or property from the person or custody of another.
2. Force, violence, assault, or putting in fear was used in the course of the taking.
3. The property taken was of some value.
4. The taking was with the intent to permanently or temporarily [deprive another of [his][her] right to the property or any benefit from it] [appropriate the property of another to [his] [her] own use or to the use of any person not entitled to it].

Definitions.

Assault. § 784-.011 Fla. Stat. Give if applicable.

An “assault” is defined as an intentional and unlawful threat, either by word or act, to do violence to a victim, when it appears the person making the threat has the ability to carry out the threat, and the act creates in the mind of the victim a well-founded fear that violence is about to take place.

Fear. Give if applicable. Smithson v. State, 689 So.2d 1226 (Fla. 5th DCA 1997).

If the circumstances were such as to ordinarily induce fear in the mind of a reasonable person, then the victim may be found to have been in fear, and actual fear on the part of the victim need not be shown.

In the course of the taking.

“In the course of the taking” means that the act occurred prior to, contemporaneous with, or subsequent to the taking of the property and that the act and the taking of the property constitute a continuous series of acts or events.

Afterthought. Give if applicable. DeJesus v. State, 98 So. 3d 105 (Fla. 2d DCA 2012).

If you find that the taking of property occurred as an afterthought to the use of force or violence against (victim), the taking does not constitute robbery but may still constitute theft.

Title to property. Give if applicable.

In order for a taking of property to be robbery, it is not necessary that the person robbed be the actual owner of the property. It is sufficient if the victim has the custody of the property at the time of the offense.

Force. Give if applicable.

The taking must be by the use of force or violence or by assault so as to overcome the resistance of the victim, or by putting the victim in fear so that the victim does not resist. The law does not require that the victim of robbery resist to any particular extent or that the victim offer any actual physical resistance if the circumstances are such that the victim is placed in fear of death or great bodily harm if he or she does resist. But unless prevented by fear, there must be some resistance to make the taking one done by force or violence.

Victim unconscious. Give if applicable.

It is also robbery if a person, with intent to take the property from a victim, administers any substance to another so that the victim becomes uncon *291 scious and then takes the property from the person or custody of the victim.

Taking. Give if applicable.

In order for a taking by force, violence, or putting in fear to be robbery, it is not necessary that the taking be from the person of the victim. It is sufficient if the property taken is under the actual control of the victim so that it cannot be taken without the use of force, violence, or intimidation directed against the victim.

Definition. Jacobs v. State, 41 So. 3d 1004 (Fla. 1st DCA 2010).

“Dwelling” means a building [or conveyance] of any kind, including any attached porch, whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it. The enclosure need not be continuous and may have an opening for entering and exiting.

Enhanced penalty. Give if applicable.

If you find the defendant guilty of the crime of home-invasion robbery, then you must further determine beyond a reasonable doubt if “in the course of committing the home-invasion robbery” the defendant carried some kind of weapon.

With a firearm.

If you find that the defendant carried a firearm in the course of committing the home-invasion robbery, you should find [him] [her] guilty of home-invasion robbery with a firearm.
A “firearm” means any weapon [including a starter gun] which will, is designed to; or may readily be converted to expel a projectile by the action of an explosive; [the frame or receiver of any such weapon;] [any firearm muffler or firearm silencer;] [any destructive device;] [any machine gun]. [The term “firearm” does not include an antique firearm unless the antique firearm is used in the commission of a crime. An antique firearm is (insert definition in § 7-90.001(1), Fla. Stat.)] [A destructive device is (insert definition in § 790.001 (tí, Fla. Stat.) ]

With a deadly weapon.

If you find that the defendant carried a (deadly weapon described in charge) in the course of committing the home-invasion robbery and that the (deadly weapon described in charge) was a deadly weapon, you should find [him][her] guilty of home-invasion robbery with a deadly weapon.
A weapon is a “deadly weapon” if it is used or threatened to be used in a way likely to produce death or great bodily harm.

With other weapon.

If you find that the defendant carried a weapon that was not a [firearm] or a [deadly weapon] in the course of committing the home-invasion robbery, you should find [him][her] guilty of home-invasion robbery with a weapon.
A “weapon” is defined to mean any object that could be used to cause death or inflict serious bodily harm.

With no firearm or weapon.

If you find that the defendant carried no firearm or weapon in the course of committing the home-invasion robbery, but did commit the home-invasion rob *292 bery, you should find [him][her] guilty
[[Image here]]
A “firearm” -is-defined as-(adapt from
A weapon is a “deadly -weapon” if it is used or-threatened to be used in a way-likely-to-produce death or great-bodily
object that could be used to cause death

Also define attempt (see 5.1).

Lesser Included Offenses
[[Image here]]
*293 Comments
For the crime of home-invasion robbery, it is likely that a .jury can convict of two lesser-included offenses such as theft and assault. See Spencer v. State, 71 So.Sd 901 (Fla. 1st DCA 2011).
This instruction was adopted in 1997 [697 So.2d 84] and amended in 2008 [982 So.2d 1160], and 2013.
15.4 ROBBERY BY SUDDEN SNATCHING
§ 812.181, Fla. Stat.
To prove the crime of Robbery by Sudden Snatching, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) took the (money or property described in charge) from the person of (person alleged).
2. The property taken was of some value.
3. The taking was with the intent to permanently or temporarily deprive (victim) or the owner of [his][her] right to the property.
4. In the course of the taking, (victim) was or became aware of the taking.
In the course of the taking means that the act occurred prior to, contemporaneous with, or subsequent to the taking of the property and that the act and the taking of the property constitute a continuous series of acts or events.

Force or resistance.

It is not necessary for the State to prove that the defendant used any amount of force beyond that effort necessary to obtain possession of the money or other property, that there was any resistance offered by the victim or that there was any injury to the victim’s person.

Title to property.

In order for a taking to be Robbery by Sudden Snatching, it is not necessary that the person robbed be the actual owner of the property. It is sufficient if the victim has possession of the property at the time of the offense.

Enhanced penalty. Give if applicable.

If you find the defendant guilty of the crime of Robbery by Sudden Snatching, the» you must further determine beyond a reasonable doubt if in the course of committing the Robbery by Sudden Snatching the defendant carried some kind of weapon. An act is in the course of committing a Robbery by Sudden Snatching if it occurs in an attempt to commit Robbery by Sudden Snatching or in fleeing after the attempt or commission.

With a firearm.

If you find that the defendant carried a firearm in the course of committing the Robbery by Sudden Snatching, you should find [him][her] guilty of Robbery by Sudden Snatching with a firearm.
A firearm means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. [The term firearm does not include an antique firearm unless the antique firearm is used in the commission of a crime.] See Section 790.001(1), Fla. Stat., for definition of antique firearm.
A “weapon” is defined to mean any object that could be used to cause death or inflict serious bodily harm.

*294
With a deadly weapon.

If you find that the defendant carried a (deadly weapon described in charge) in the course of committing the Robbery by Sudden Snatching, and that the (deadly weapon described in charge) was a deadly weapon, you should find [him] [her] guilty of Robbery by Sudden Snatching with a deadly weapon.
A weapon is a deadly weapon if it is any object that is used or threatened to be used in a way likely to produce death or great bodily harm.

With no firearm or deadly weapon.

If you find that the defendant carried no firearm or deadly weapon in the course of committing the Robbery by Sudden Snatching, but did commit the Robbery by Sudden Snatching, you should find [him][her] guilty only of Robbery by Sudden Snatching.

(Definitions.

A firearm-means any weapon-(inehid-ing a- -starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action-of — an explosive; the frame or receiver-of-any such weapon; — any—firearm muffler — or-firear-m-silencer; any destructive device; or any machine gun. — [The term firearm does not inelude-an antique firear-m-unless the antique firearm-is used in the commission of a-crime.]

See Section 790.001(1),■ Fla. Stat, for definition of antique firearm^

A -weapon-is-a deadly weapon-if-it-is any object that is used or threatened-to be used-in-a-way-likely to produce death or great bodily-harim
Lesser Included Offenses
[[Image here]]
Comment
This instruction was adopted in 2009 [40 6 So.3d @32 574] and amended in 2013.
16.1 AGGRAVATED CHILD ABUSE
§ 827.03(2)(a), Fla. Stat.
To prove the crime of Aggravated Child Abuse, the State must prove the following two elements beyond a reasonable doubt:
*295 L (Defendant)

Give as applicable.

a. committed aggravated battery upon (victim).
b. willfully tortured (victim).
c. maliciously punished (victim).
d. willfully and unlawfully caged (victim).
e. knowingly or willfully committed child abuse upon (victim) and in so doing caused great bodily harm, permanent disability, or permanent disfigurement to (victim).
2. (Victim) was under the age of 18 years.
Definitions. Give as-applieable=■ Give if element la is alleged.
In order to prove that an aggravated battery was committed, the State must prove the following:
1. (Defendant) intentionally

Give as applicable.

a. touched or struck (victim) against the will of (victim).
b. caused bodily harm to (victim).

Give as applicable.

2._a. In so doing, (defendant) intentionally or knowingly caused [great bodily harm] [permanent disability] [permanent disfigurement] [ or] [used a deadly weapon].
b. At the time, (victim) was pregnant and (defendant) knew or should have known (victim) was pregnant.

Give if applicable.

A weapon is a “deadly weapon” if it is used or threatened to be used in a way likely to produce death or great bodily harm.

Give if element lb, Id, or le is alleged.

“Willfully” means knowingly, intentionally, and purposely.

Give if element lcis alleged. Fla. Stat. § 827.03(c).

“Maliciously” means wrongfully, intentionally, and without legal justification or excuse. Maliciousness may be established by circumstances from which one could conclude that a reasonable parent would not have engaged in the damaging acts toward the child for any valid reason and that the primary purpose of the acts was to cause the victim unjustifiable pain or injury.

Give in-alFcases if element 1(e)- is alleged. Fla. Stat. § 827.03(l)(b).

“Child Abuse” means [the intentional infliction of physical or mental injury upon a child] [an intentional act that could reasonably be expected to result in physical or mental injury to a child] [active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or mental injury to a child].

Give if applicable. Fla. Stat. § 827.03(l)(d)

“Mental injury” means injury to the intellectual or psychological capacity of a child as evidenced by a discernible and substantial impairment in the ability of the child to function within the normal range of performance and behavior as supported by expert testimony.

Parental affirmative defense. Give if applicable. See Raford v. State, 828 So.2d 1012 (Fla.2002).

§ 827.03 Fla. Stat. and case law are silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the bur-

*296
den of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on affirmative defenses by a preponderance of the evidence. The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinions in Dixon v. United States, 518 U.S. 1 [126 S.Ct. 2137, 165 L.Ed.2d 299] (2006), for further guidance.

It is not a crime for [a parent] [a person who is acting as the lawful guardian] of a child to impose reasonable physical discipline on a child for misbehavior under the circumstances even though physical injury resulted from the discipline.

If burden of persuasion is on the defendant:

If you find that defendant proved (insert appropriate burden of persuasion) that [he][she] imposed reasonable physical discipline on (victim) for misbehavior under the circumstances, you should find [him][her] not guilty. If the defendant did not prove (insert appropriate burden of persuasion) that [he][she] imposed reasonable physical discipline on (victim) for misbehavior under the circumstances, you should find [him][her] guilty, if all the elements of the charge have been proven beyond a reasonable doubt.

If burden of persuasion is on the State:

If you find that the State proved (insert appropriate burden of persuasion) that the defendant’s physical discipline on (victim) was not reasonable for misbehavior under the circumstances, you should find [him][her] guilty, if all of the elements of the charge have been proven beyond a reasonable doubt.
Lesser Included Offenses
[[Image here]]
*297 Comment
This instruction-is- based-on-§ -827.03(2), Fla. Stat. (1999). — The definition of malice as-used — in—this—statute is -from State v. Gaylord, 356 So.2d 313 (Fla.1978); see also Young v. State , 753 So,2d 725 (Fla. 1st DCA 2000),
This instruction was adopted in 1981 and amended in June 2002 [824 So.2d 881], Mid September 2005 [911 So.2d 766], and 2013.
16.2 AGGRAVATED CHILD ABUSE (AGGRAVATED BATTERY)

[RESERVED]

-§-827,Q3r-Fla.Stat,
To prove the — crime of Aggravated Child Abuse by committing-Aggravated Battery upon a child, the State must prove the-following-three elements be-3ond a reasonable-doubt. — The first element is a definition-of-battery.
⅛ — (Defendant) committed a battery against (vic-fim-) — by- intentionally [touching — or—striking—(victim) against [his] [her] will-]-[causing bodily harm-tojvictim) ].
2, — (Defendant) in committing the bat-

Give-8a-or-2b as applicable.

a, — [intentionally—or—knowingly Gaused victim
[great-bodily harm]
[permanent disability]
[permanenLdisfigurement]],
b, — [used a deadly weapon],
& — (Victim) was under — the age of 18 years.

Definition. Give if 2b alleged.

A weapon-is a “Deadly weapon” if it is used or-threatened to be used in a way likely to produce-death or great bodily harm.
Lesser Included Offenses
[[Image here]]
Comment
This instruction was adopted in 1981.
16.3 CHILD ABUSE
§ 827.03⅛2)(⅛ Fla. Stat.
To prove the crime of Child Abuse, the State must prove the following two elements beyond a reasonable doubt:
L (Defendant) knowingly or willfully:

Give as applicable.

a. intentionally inflicted [physical] [or] [mental] injury upon (victim).
b. committed an intentional act that could reasonably be expected to result in [physical] [or] [mental] injury to (victim).
*298 c. actively encouraged another person to commit an act that resulted in or could reasonably have been expected to result in [physical] [or] [mental] injury to (victim).
2. (Victim) was under the age of 18 years.

Parental affirmative defense. Give if applicable. See Raford v. State, 828 So.2d 1012 (Fla.2002).

§ 827.03 Fla. Stat. and case law are silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on affirmative defenses by a preponderance of the evidence.

The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion{qs{q in Dixon v. United States, 518 U.S. 1 [126 S.Ct. 2137, 165 L.Ed.2d 299] (2006), for further guidance.

It is not a crime for [a parent] [a person who has legal custody is acting as the lawful guardian] of a child to impose reasonable physical discipline on a child for misbehavior under the circumstances even though physical injury resulted from the discipline. (Insert appropriate burden of persuasion ■ to-appropriate party.)

If burden of persuasion is on the defendant:

If you find that defendant proved (insert appropriate burden of persuasion) that [he] [she] imposed reasonable physical discipline on (victim) for misbehavior under the circumstances, you should find [him][her] not guilty. If the defendant did not prove (insert appropriate burden of persuasion) that [he][she] imposed reasonable physical discipline on (victim) for misbehavior under the circumstances, you should find [him][her] guilty, if all the elements of the charge have been proven beyond a reasonable doubt.

If burden of persuasion is on the State:

If you find that the State proved (insert appropriate burden of persuasion) that the defendant’s physical discipline on (victim) was not reasonable for misbehavior under the circumstances, you should find [him][her] guilty, if all of the elements of the charge have been proven beyond a reasonable doubt.

Definitions, give as applicable.

§ 39.01(2), Florida Statutes?
“Abuse” means any willful-acb or threatened act that results in- any-physical, mental, or sexual-injury abuse, injury, or harm that causes- or — is-likely—to cause the child’s physical, -mental,-or emotional-health-todbe-significantly impaired. — Abuse of a child includes acts or omissions, — [Corporal discipline of a child-by-a parent-or-legal-custodian for disciplinary purposes-does not in itself constitute abuse-w-hen-it-does not result in harm to the-child,-]

§ 39.01(32), Florida-Statutes;-

“Harm” means (insert specific' allegation included ■ from.-this-subseetiQB-of-the *299 statute charged-m-the-indictment or-information-).-
■ §-~39-.01 (56);-F-londa-Statutes,-
manent-or-temporary disfigurement, or impairment of any bodily part.

§ 39.01(W827.03(l)(d), Florida Statutes.

“Mental injury” means an injury to the intellectual or psychological capacity of a child as evidenced by a discernible and substantial impairment in the ability to function within the normal range of performance and behavior as supported by expert testimony.

Note to Judge. See § 39.01(19), Florida Statutes, if the defendant’s status as a parent is at issue.

§ 39.01(35), Florida Statutes. (Give only when the guardian is not a parent).

“Legal custody” means a legal status created by a court, which vests in a custodian of the person or guardian, whether an agency or an individual, the right to have physical custody of the child and the right and duty to protect, nurture, guide, and discipline the child and to provide [him][her] with food, shelter, education, and ordinary medical, dental, psychiatric, and psychological care.
Lesser Included Offenses
[[Image here]]
Comments
See Raford v. State, 828 So.2d 1012 (Fla.2002), and DuFresne v. State, 826 So.2d 272 (Fla.2002), for authority to incorporate definitions from Chapter 39, Florida Statutes.
This instruction was adopted in 1981 and amended in 1985, 1989, 2002 [824 So.2d 881], and 2011 [75 So.3d 207], and 2013.
16.5 NEGLECT OF A CHILD
§ 827.03(32)(b), Fla. Stat.
(Great Bodily Harm, Permanent Disability, or Permanent Disfigurement)
To prove the crime of Neglect of a Child with Causing [gGreat bBodily hHarm] [pPermanent dDisability] [pPermanent dDisfigurement], the State must prove the following four elements beyond a reasonable doubt:
L (Defendant)

Give as applicable.

*300 a. [willfully] [by culpable negligence] failed or omitted to provide (victim) with the care, supervision, and services necessary to maintain (victim’s) physical or mental health.
b. failed to make a reasonable effort to protect (victim) from abuse, neglect, or exploitation by another person.
2. In so doing, (defendant) caused [great bodily harm] [permanent disability] [permanent disfigurement] to (victim).
3. (Defendant) was a caregiver for (victim).
4. (Victim) was under the age of 18 years.
Neglect of a child may be based on repeated conduct or on a single incident or omission that resulted in, or reasonably could have been expected to result in, serious physical or mental injury, or a substantial risk of death, to a child.

Definition. Give in all cases.

“Caregiver” means a parent, adult household member, or other person responsible for a child’s welfare.

Definition. Give if applicable.

I will now define what is meant by the term “culpable negligence”: Each of us has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care for others. For negligence to be called culpable negligence, it must be gross and flagrant. The negligence must be committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily harm.
Lesser Included Offenses
[[Image here]]
*301 Comment
This instruction was adopted in June 2002 [824 So.2d 881] and 2013.
16.6 NEGLECT OF A CHILD
§ 827.03@M(2)(d), Fla. Stat.
(Without Great Bodily Harm, Permanent Disability, or Permanent Disfigurement)
To prove the crime of Neglect of a Child, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant)

Give as applicable.

a. [willfully] [by culpable negligence] failed or omitted to provide (victim) with the care, supervision, and services necessary to maintain (victim’s) physical or mental health.
b. failed to make a reasonable effort to protect (victim) from abuse, neglect, or exploitation by another person.
2. (Defendant) was a caregiver for (victim).
3. (Victim) was under the age of 18 years.
Neglect of a child may be based on repeated conduct or on a single incident or omission that resulted in, or reasonably could have been expected to result in, serious physical or mental injury, or a substantial risk of death, to a child.

Definition. Give in all cases.

“Caregiver” means a parent, adult household member, or other person responsible for a child’s welfare.

Definition. Give if applicable.

I will now define what is meant by the term “culpable negligence”: Each of us has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care for others. For negligence to be called culpable negligence, it must be gross and flagrant. The negligence must be committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily harm.
Lesser Included Offenses
[[Image here]]
Comment
This instruction was adopted in June
2002 [824 So.2d 881] and 2013.

. Instructions 11.13(h) and 13.5 are new instructions.

. The amendments as reflected in the appendix are to the Criminal Jury Instructions as *264 they appear on the Court’s website at www. floridasupremecourt.org/jury_instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.