CLARK, J.
 

 James Jacobs was convicted as charged with burglary of a dwelling in violation of section 810.02(3), Florida Statutes. The charges resulted from the events of July 23, 2008, when Appellant and another man were arrested for removing aluminum siding from the walls of a vacant house. The back yard was bounded by fences, but there was a gap in the fence for the driveway. The house was built in 1912 and had been the family home until 1996, when it was damaged by a fire. The house has not been lived in since the fire, but the owner has slowly renovated the house in the intervening years.
 

 On appeal, Jacobs challenges the trial court’s denials of his motions for judgment of acquittal. While he concedes on appeal that the State proved that he removed aluminum siding from the exterior of the structure, he asserts the evidence was not legally adequate to support the charge of burglary of a dwelling because the State failed to prove the elements of “dwelling” as defined in section 810.011(2) Florida Statutes.
 
 [1]
 
 Specifically, Appellant argues that the State failed to present sufficient proof that he entered the curti-
 
 *1006
 
 lage of the building and that the building remained suitable for lodging by people. We disagree and affirm.
 

 The question presented by a motion for judgment of acquittal is “whether the evidence is legally adequate to support the charge.”
 
 Jones v. State,
 
 790 So.2d 1194, 1197 (Fla. 1st DCA 2001). As stated in
 
 Jackson v. State,
 
 18 So.3d 1016, 1025 (Fla.2009):
 

 If the State presents direct evidence, which the State did here, the trial court’s determination will be affirmed if the record, viewed in the light most favorable to the State, contains competent, substantial evidence supporting each element of the offenses.... The trial court should not grant a motion for judgment of acquittal “unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.”
 

 (citations omitted).
 

 The evidence presented by the State supporting the charge that Appellant entered the curtilage of the house included the property owner’s testimony describing the fencing on three sides of the home, the opening for the driveway, and the low-walled “stoop” in the front of the house. Photographs showing fencing were admitted into evidence, and the next-door neighbor testified that the man he saw closest to the house was “inside the fences.” The Florida Supreme Court has held that “some form of an enclosure” is required to establish curtilage of a dwelling or structure.
 
 State v. Hamilton,
 
 660 So.2d 1038, 1044 (Fla.1995). The enclosure need not be continuous and an ungated opening for ingress and egress does not preclude a determination that the yard is included in the curtilage of the house.
 
 Chambers v. State,
 
 700 So.2d 441 (Fla. 4th DCA 1997). The State presented sufficient evidence that the yard in this case was delineated by some form of enclosure and the trial court’s denial of the motion for judgment of acquittal on this point was not error.
 

 The State’s evidence that the building qualified as a dwelling consisted of the owner’s testimony that the house has a roof over it, has floors and walls, was designed to be occupied by people lodging therein at night, that such lodging took place until the fire in 1996, and that the house was equipped with plumbing and electric utilities which were not turned on because the home was unoccupied. The fact that the home had been unoccupied for years and remained so at the time of the crime does not rule out the building’s status as a “dwelling” for purposes of the burglary statute. As stated by the Florida Supreme Court: “the legislature has extended broad protection to buildings or conveyances of any kind that are designed for human habitation. Hence, an empty house in a neighborhood is extended the same protection as one presently occupied.”
 
 Perkins v. State,
 
 682 So.2d 1083, 1085 (Fla.1996).
 

 Appellant urges on appeal that the State failed to prove that the house in question remained a “dwelling” after the 1996 fire. Although the conviction for burglary of a dwelling was affirmed in
 
 Perkins,
 
 Appellant relies on the Court’s suggestion that a dwelling could lose this status thusly: “If a structure ... initially qualifies under this definition, and its character is not substantially changed or modified to the extent that it becomes unsuitable for lodging by people, it remains a dwelling irrespective of actual occupancy.”
 
 Perkins,
 
 682 So.2d at 1084. In
 
 Munoz v. State,
 
 937 So.2d 686 (Fla. 2nd DCA 2006), the conviction for burglary of a dwelling was reversed because the house was undergoing “total restoration” and was “missing interior walls,
 
 *1007
 
 sheetrock and insulation.”
 
 Munoz,
 
 937 So.2d at 689. The court found that “this construction site,” littered with “garbage, buckets, and work supplies” was not suitable for lodging and the structure was therefore not a “dwelling” at the time of the burglary.
 
 Id.
 

 In this case, there was no evidence that the fire substantially changed the character of the house to the extent that it was unsuitable for lodging by people, and no evidence that the interior of the house was in a state of ruin comparable to that described in
 
 Munoz.
 
 Upon viewing the record in the light most favorable to the State, the record contains competent, substantial evidence to support the status of the house in question as a “dwelling” under the statutory definition. The trial court did not err in denying the motions for judgment of acquittal because the evidence was sufficient to create a jury question of whether the home was suitable for lodging and thus remained a “dwelling.” The judge instructed the jury as to the definition of “dwelling” and properly allowed the finders of fact to decide the issue.
 

 Affirmed.
 

 PADOVANO and THOMAS, JJ„ concur.
 

 [1]
 

 . "Dwelling” means a building or conveyance of any kind, including any attached porch ... which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof. Fla. Stat. § 810.011(2) (2009).