# Supreme Court of Florida

_____

No. SC14-2035

_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT NO. 2014-07.**

[April 30, 2015]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions for

publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.

The Committee proposes amending the following existing standard criminal

jury instructions: 3.8(b) (Conviction of Certain Crimes as Impeachment); 11.7

(Unlawful Sexual Activity with Certain Minors); 11.10(a) (Lewd or Lascivious

Battery (Engaging in Sexual Activity)); 11.10(b) (Lewd or Lascivious Battery

(Encouraging, Forcing or Enticing)); 11.10(c) (Lewd or Lascivious Molestation);

11.10(d) (Lewd or Lascivious Conduct); 11.10(e) (Lewd or Lascivious Exhibition

Presence of Child); 11.11 (Lewd or Lascivious Offenses Committed Upon or in the

Presence of an Elderly Person or Disabled Person); 11.13 (Voyeurism); 11.17(a) (Soliciting a [Child] [Person Believed by the Defendant to be a Child] for Unlawful Sexual Conduct Using Computer Services or Devices); 11.17(b) (Soliciting a Parent, Legal Guardian, or Custodian of a Child for Unlawful Sexual Conduct Using Computer Services or Devices); 11.17(c) (Traveling to Meet a Minor); and 11.17(d) (Traveling to Meet a Minor Facilitated by Parent, Legal Guardian, or Custodian). The Committee also proposes the following new jury instructions: 11.20 (Transmission of Child Pornography by Electronic Device or Equipment); 11.21 (Transmission of Material Harmful to Minors by Electronic Device or Equipment); and 15.5 (Resisting Recovery of Stolen Property). The Committee published its proposals in The Florida Bar News. Three comments were received by the Committee. The Court did not publish the proposals after they were filed.

Having considered the Committee's report and the comments submitted to the Committee, with the exception discussed below, we amend the standard jury instructions as proposed by the Committee and authorize them for publication and use.

With respect to jury instruction 11.17(c) (Traveling to Meet a Minor) and instruction 11.17(d) (Traveling to Meet a Minor Facilitated by Parent, Legal Guardian, or Custodian), the Court at this time declines to authorize these

instructions. Both instructions, as proposed, include language under the "Lesser Included Offenses" portion of the instructions that the courts may consider the crime of Solicitation under section 847.0135(3)(a) or (3)(b), Florida Statutes (2014), respectively, to be a necessary lesser-included offense of Traveling under section 847.0135(4)(a) or (4)(b), respectively. However, in State v. Shelley, Case No. SC14-755, the Court is currently considering whether, for purposes of double jeopardy, a defendant may be punished both for soliciting a person believed to be a parent to consent to unlawful sexual activity with a child and for traveling to meet the minor after soliciting the person believed to be a parent. Until this issue is resolved, we decline to authorize the proposed amendments to instructions 11.17(c) and 11.17(d) for publication and use.

The new and amended criminal jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[1] New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization

---

[1] The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceedings – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Jerri Lynn Collins, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Sanford, Florida; and Bart Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

# APPENDIX

## ~~3.8(b) CONVICTION OF CERTAIN CRIMES~~ ~~AS IMPEACHMENT~~
~~§§ 90.107, 90.610(1), Fla.Stat.~~

*~~To be given at the time the evidence is admitted, if requested.~~*
~~**The evidence that you are about to receive that** [(witness)] [(defendant)]
**has been convicted of** (crime) **should be considered by you only in weighing the
credibility of** [(witness's)] [(defendant's)] **testimony and not for any other
purpose.**~~

### ~~Comment~~

~~This instruction was adopted in July 1995.~~

## 11.7 UNLAWFUL SEXUAL ACTIVITY WITH CERTAIN MINORS
§ 794.05, Fla._Stat.

**To prove the crime of Sexual Activity with a Minor, the State must prove
the following three elements beyond a reasonable doubt:**

*Give 1a and/or 1b depending on the allegations and the evidence.*

1. ~~(Victim)~~ **was 16 or 17 years of age.**

   **a.** (Defendant) **committed an act with** (victim) **in which
   the sexual organ of the** [(defendant)] [(victim)] **penetrated or
   had union with the [anus] [vagina] [mouth] of the** [(victim)]
   [(defendant)]**.**

   **b.** (Defendant) **committed an act with** (victim) **in which
   the [anus] [vagina] of** [(victim)] [(defendant)] **was penetrated
   by an object.** *The definition of "an object" includes a finger.*

2. **At the time,** (~~D~~defendant) **was 24 years of age or older.**

3. **At the time,** (victim) **was 16 or 17 years of age.** ~~(Defendant)
   engaged in sexual activity with a minor in which the sexual organ
   of the [(defendant)] [(victim)] penetrated or had union with the
   [anus] [vagina] [mouth] of the [(victim)][(defendant)].]~~

- 5 -

*Give if applicable.*
*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**The definition of "an object" includes a finger.**

*Give if applicable.*
*§ 794.05(1), Fla. Stat.*
**Sexual activity does not include an act done for a bona fide medical purpose.**

*Give if requested. § 794.05(3), Fla. Stat.*
(Victim's) **lack of chastity is not a defense to the crime charged.**

*Give if requested. Feliciano v. State, 937 So. 2d 818 (Fla. 1st DCA 2006);*
*§ 794.021, Fla. Stat.*
**The defendant's ignorance of** (victim's) **age,** (victim's) **misrepresentation of his or her age, or the defendant's bona fide belief of** (victim's) **age is not a defense to the crime charged.**

*§ 775.0862, Fla. Stat.*
*Enhancement for sexual offense against student by school authority figure.*
**If you find that** (defendant) **committed the crime of Sexual Activity With a Minor, you must also determine whether the State has proved beyond a reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure" means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.**

**"School" means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of Education]. The term "school" does not include facilities dedicated exclusively to the education of adults.** *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat. for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described in s. 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student" means a person younger than 18 years of age who is enrolled at a school.**

| UNLAWFUL SEXUAL ACTIVITY WITH CERTAIN MINORS — 794.05 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

## Comments

This instruction was adopted in 1998 [723 So. 2d 123] and amended in 2015.

If removal of the disabilities of nonage is raised as an issue pursuant to § 794.05(2), Fla._Stat., the jury should be instructed with respect to § 743.01 *et seq.*

### 11.10(a) LEWD OR LASCIVIOUS BATTERY
### (ENGAGING IN SEXUAL ACTIVITY)
§ 800.04(4)(a)1, Fla. Stat.

**To prove the crime of Lewd or Lascivious Battery, the State must prove the following two elements beyond a reasonable doubt:**

1.  (Victim) **was twelve years of age or older, but under the age of sixteen years.**

2.  (Defendant)

    a.  **[committed an act [upon] [with]** (victim) **in which the sexual organ of the** [(defendant)] [(victim)] **penetrated or had union with the [anus] [vagina] [mouth] of the** [(victim)] [(defendant)**].]**

    b.  [**committed an act [upon] [with]** (victim) **in which the [anus] [vagina] of** [(victim)] [(defendant)] **was penetrated by an object.]** *The definition of "an object" includes a finger.*

*Definitions. Give if applicable.*
*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*

**"An object" includes a finger.**
**"Union" means contact.**

*Give if applicable.*
*§ 800.04(1)(a), Fla. Stat.*
**However, any act done for bona fide medical purposes is not a lewd or lascivious battery.**

*§ 800.04(2), Fla. Stat.*
**Neither** ~~the victim's~~ (victim's) **lack of chastity nor** ~~victim's~~ (victim's) **consent is a defense to the crime charged.**

*§ 800.04(3), Fla. Stat.*
**The defendant's ignorance of** ~~victim's~~ (victim's) **age,** ~~victim's~~ (victim's) **misrepresentation of [his] [her] age, or the defendant's bona fide belief of** (victim's) **age is not a defense to the crime charged.**

*§ 775.0862, Fla. Stat.*
*Enhancement for sexual offense against student by school authority figure.*
**If you find that** (defendant) **committed the crime of Lewd or Lascivious Battery, you must also determine whether the State has proved beyond a reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure" means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.**

**"School" means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of Education]. The term "school" does not include facilities dedicated exclusively to the education of adults.** *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat. for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described in s. 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student" means a person younger than 18 years of age who is enrolled at a school.**

| LEWD OR LASCIVIOUS BATTERY (ENGAGING IN SEXUAL ACTIVITY) — 800.04(4)(a)1 | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Assault | 784.011 | 8.1 |
| | Battery | 784.03 | 8.3 |
| | Unnatural and lascivious act | 800.02 | 11.8 |

**Comments**

In 2014, the legislature created a lewd and lascivious battery classified as a first degree felony if the defendant was 18 years of age or older at the time of the crime and had a prior conviction for an enumerated crime. See § 800.04(4)(c), Fla. Stat. If this enhancement is charged, it is likely that *Apprendi v. New Jersey,* 530 U.S. 466 (2000) requires the jury to make at least one additional finding regarding the defendant's age.

This instruction was adopted in 2007 [SC05-1434, October 25, 2007 969 So. 2d 245] and amended in 2015.

**11.10(b) LEWD OR LASCIVIOUS BATTERY (ENCOURAGING, FORCING OR ENTICING)**
§800.04(4)(ba)2, Fla. Stat.

**To prove the crime of Lewd or Lascivious bBattery, the State must prove the following two elements beyond a reasonable doubt:**

1.      (Victim) **was under the age of sixteen years.**

**2.**     (Defendant) **[encouraged] [forced] [or] [enticed]** (victim) **to engage in [sadomasochistic abuse] [sexual bestiality]  [prostitution] [or] [any act involving sexual activity].**

*Definitions.*
*Give if applicable.*
*§ 800.04(1)(a), Fla. Stat.*
**"Sexual activity" means the oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual activity does not include an act done for a bona fide medical purpose.**

*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**"An object" includes a finger.**

**"Union" means contact.**

*§ 827.071(d) and §_847.001(13), Fla. Stat.*
**"Sadomasochistic abuse" means flagellation or torture by or upon a person, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction from inflicting harm on another or receiving such harm oneself.**

*§ 827.071(f) and §_847.001(15), Fla. Stat.*
**"Sexual bestiality" means any sexual act between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.**

*§ 800.04(2), Fla. Stat.*
**Neither ~~the victim's~~ (victim's) lack of chastity nor ~~victim's~~ (victim's) consent is a defense to the crime charged.**

*§ 800.04(3), Fla. Stat.*
**The defendant's ignorance of ~~victim's~~ (victim's) age, ~~victim's~~ (victim's) misrepresentation of [his] [her] age, or the defendant's bona fide belief of (victim's) age is not a defense to the crime charged.**

*§ 775.0862, Fla. Stat.*
*Enhancement for sexual offense against student by school authority figure.*

**If you find that** (defendant) **committed the crime of Lewd or Lascivious Battery, you must also determine whether the State has proved beyond a reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure" means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.**

**"School" means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of Education]. The term "school" does not include facilities dedicated exclusively to the education of adults.** *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat. for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described in s. 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student" means a person younger than 18 years of age who is enrolled at a school.**

## Lesser Included Offenses

| LEWD OR LASCIVIOUS BATTERY (ENCOURAGING, FORCING OR ENTICING) — 800.04(4)(ba)2 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Assault | 784.011 | 8.1 |
| | Battery | 784.03 | 8.3 |
| | Unnatural and lascivious act | 800.02 | 11.8 |

- 11 -

**Comment<u>s</u>**

<u>In 2014, the legislature created a lewd and lascivious battery classified as a first degree felony if the defendant was 18 years of age or older at the time of the crime and had a prior conviction for an enumerated crime. See § 800.04(4)(c), Fla. Stat. If this enhancement is charged, it is likely that *Apprendi v. New Jersey,* 530 U.S. 466 (2000) requires the jury to make at least one additional finding regarding the defendant's age.</u>

This instruction was adopted in 2007 [~~SC05-1434, October 25, 2007~~ <u>969 So. 2d 245</u>] <u>and amended in 2015</u>.

## 11.10(c) LEWD OR LASCIVIOUS MOLESTATION
§ 800.04(5), Fla. Stat.

**To prove the crime of Lewd or Lascivious Molestation, the State must prove the following three elements beyond a reasonable doubt:**
*Give 1a or 1b as applicable.*
   **1.** (Victim)

       **a. was 12 years of age or older but less than 16 years of age.**

       **b. was less than 12 years of age.**

*Give 2a or 2b as applicable.*
   **2.** (Defendant),

       **a. in a lewd or lascivious manner, intentionally touched the [breasts] [genitals] [genital area] [buttocks] [clothing covering the breasts] [clothing covering the genitals] [clothing covering the genital area] [clothing covering the buttocks] of** (victim)**.**

       **b. in a lewd or lascivious manner, intentionally [forced] [enticed]** (victim) **to touch the [breasts] [genitals] [genital area] [buttocks] [clothing covering the breasts] [clothing covering the genitals] [clothing covering the genital area] [clothing covering the buttocks] of** (defendant)**.**

*Give 3a or 3b as applicable.*
   **3.** (Defendant)

   **a. was 18 years of age or older at the time of the offense.**

   **b. was less than 18 years of age at the time of the offense.**

*Definition.*
**The words "lewd" and "lascivious" mean the same thing: a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act.**

*Give if applicable.*
*§ 800.04(2), Fla. Stat.*
**Neither** (victim's) **lack of chastity nor** (victim's) **consent is a defense to the crime charged.**

*§ 800.04(3), Fla. Stat.*
**The defendant's ignorance of** ~~victim's~~ (victim's) **age,** ~~victim's~~ (victim's) **misrepresentation of [his] [her] age, or the defendant's bona fide belief of** (victim's) **age is not a defense to the crime charged.**

*Give if applicable. § 775.0862, Fla. Stat.*
*Enhancement for sexual offense against student by school authority figure.*
**If you find that** (defendant) **committed the crime of Lewd or Lascivious Molestation, you must also determine whether the State has proved beyond a reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure" means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.**

**"School" means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of Education]. The term "school" does not include facilities dedicated exclusively to the education of adults.** *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat. for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described*

- 13 -

*in s. 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student" means a person younger than 18 years of age who is enrolled at a school.**

**Lesser Included Offenses**

| LEWD OR LASCIVIOUS MOLESTATION — 800.04(5) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Assault | 784.011 | 8.1 |
| | Battery | 784.03 | 8.3 |
| | Unnatural and lascivious act | 800.02 | 11.8 |

**Comments**

In 2014, the legislature created a lewd and lascivious molestation classified as a first degree felony depending on the ages of the defendant and victim and whether the defendant had a prior conviction for an enumerated crime. If this enhancement is charged, *Apprendi v. New Jersey,* 530 U.S. 466 (2000) may require the jury to make additional findings regarding the prior qualifying conviction and/or the age of the victim involved. See § 800.04(5)(e), Fla. Stat.

This instruction was adopted in 2008 [998 So. 2d 1138] and amended in 2013 [109 So. 3d 721] and 2015.

**11.10(d) LEWD OR LASCIVIOUS CONDUCT**
§ 800.04(6), Fla. Stat.

**To prove the crime of Lewd or Lascivious Conduct, the State must prove the following three elements beyond a reasonable doubt:**

**1.** (Victim) **was under the age of 16 years.**

**2**. (Defendant)

    **a.** **[intentionally touched** (victim) **in a lewd or lascivious manner].**

    **b.** **[solicited** (victim) **to commit a lewd or lascivious act].**

*Give 3a or 3b as applicable.*
**3.**   **a.** (Defendant) **was 18 years of age or older at the time of the offense.**

    **b.** (Defendant) **was less than 18 years of age at the time of the offense.**

*Definitions.*
**The words "lewd" and "lascivious" mean the same thing and mean a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act.**

  *Give if applicable.*
**To "solicit" means to ask earnestly or to try to induce the person solicited to do the thing solicited.**

  *§ 800.04(2), Fla. Stat.*
**Neither** (victim's) **lack of chastity nor** (victim's) **consent is a defense to the crime charged.**

  *§ 800.04(3), Fla. Stat.*
**The defendant's ignorance of** (victim's) **age,** (victim's) **misrepresentation of [his] [her] age, or the defendant's bona fide belief of** (victim's) **age is not a defense to the crime charged.**

  *§ 775.0862, Fla. Stat.*
  *Enhancement for sexual offense against student by school authority figure.*
  **If you find that** (defendant) **committed the crime of Lewd or Lascivious Conduct, you must also determine whether the State has proved beyond a**

**reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure" means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.**

**"School" means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of Education]. The term "school" does not include facilities dedicated exclusively to the education of adults.** *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat. for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described in s. 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student" means a person younger than 18 years of age who is enrolled at a school.**

## Lesser Included Offenses

| LEWD OR LASCIVIOUS CONDUCT – 800.04(6) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Assault | 784.011 | 8.1 |
| | Battery | 784.03 | 8.3 |
| | Unnatural and lascivious act | 800.02 | 11.8 |

## Comment

This instruction was adopted in 2008 [998 So. 2d 1138] and amended in 2015.

# 11.10(e) LEWD OR LASCIVIOUS EXHIBITION
## PRESENCE OF CHILD
§ 800.04(7)(a), Fla. Stat.

**To prove the crime of Lewd or Lascivious Exhibition, the State must prove the following four elements beyond a reasonable doubt:**

1.    (Victim) **was under the age of 16 years.**

2.    (Defendant)

    a.    **[intentionally masturbated].**

    b.    **[intentionally exposed [his] [her] genitals in a lewd or lascivious manner].**

    c.    **[committed [a sexual act] [sadomasochistic abuse] [sexual bestiality] [simulation of any act involving sexual activity] that did not involve actual physical or sexual contact with** (victim)**].**

3.    **The act was committed in the presence of** (victim)**.**

*Give 4a or 4b as applicable.*
4.    a.    (Defendant) **was 18 years of age or older at the time of the offense.**

    b.    (Defendant) **was less than 18 years of age at the time of the offense.**

*Definitions.*
<u>*Give if applicable*</u>
**The words "lewd" and "lascivious" mean the same thing and mean a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act.**

*§ 800.04(1)(a), Fla. Stat.*
**"Sexual activity" means the oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of**

**another by any other object; however, sexual activity does not include an act done for a bona fide medical purpose.**

*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**"An object" includes a finger.**

*§ 847.001(13), Fla. Stat.*
**"Sadomasochistic abuse" means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm on another or receiving such harm oneself.**

*§ 847.001(15), Fla. Stat.*
**"Sexual bestiality" means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.**

*§ 800.04, Fla. Stat. See State v. Werner, 609 So.2d 585 (Fla. 1992).*
**"In the presence of" means that** (victim) **saw, heard, or otherwise sensed that the act was taking place.**

*§ 800.04(2), Fla. Stat.*
**Neither** (victim's) **lack of chastity nor** (victim's) **consent is a defense to the crime charged.**

*§ 800.04(3), Fla. Stat.*
**The defendant's ignorance of** (victim's) **age,** (victim's) **misrepresentation of his or her age, or the defendant's bona fide belief of** (victim's) **age is not a defense to the crime charged.**

*§ 775.0862, Fla. Stat.*
*Enhancement for sexual offense against student by school authority figure.*
**If you find that** (defendant) **committed the crime of Lewd or Lascivious Exhibition in the Presence of a Child, you must also determine whether the State has proved beyond a reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure" means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.**

**"School" means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of Education]. The term "school" does not include facilities dedicated exclusively to the education of adults.** *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat. for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described in s. 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student" means a person younger than 18 years of age who is enrolled at a school.**

### Lesser Included Offenses

| LEWD OR LASCIVIOUS EXHIBITION PRESENCE OF CHILD — 800.04(7)(a) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Exposure of Sexual Organs | 800.03 | 11.9 |
| | Unnatural and lascivious act | 800.02 | 11.8 |

### Comment

This instruction was adopted in 2008 [998 So. 2d 1138] and amended in 2015.

**11.11 LEWD OR LASCIVIOUS OFFENSES COMMITTED UPON OR IN THE PRESENCE OF AN ELDERLY PERSON OR DISABLED PERSON**
§ 825.1025, Fla. Stat.

To prove the crime of [Lewd or Lascivious Battery] [Lewd or Lascivious Molestation] [Lewd or Lascivious Exhibition] upon or in the Presence of an Elderly Person or Disabled Person, the State must prove the following three elements beyond a reasonable doubt:

1.    (Victim) **was [an elderly] [a disabled] person**.

*Give 2a, 2b, or 2c as applicable.*
2.    **a.** (Defendant) **committed lewd and lascivious battery by encouraging, forcing, or enticing** (victim) **to engage in [sadomasochistic abuse] [sexual bestiality] [prostitution] [any act involving sexual activity].**

      **b.** (Defendant) **committed lewd and lascivious molestation of** (victim) **by intentionally touching in a lewd and lascivious manner [his] [her] [breasts] [genitals] [genital area] [buttocks] [clothing covering [his] [her] [breasts] [genitals] [genital area] [buttocks]].**

      **c.** (Defendant**) committed lewd and lascivious exhibition to** (victim) **by [intentionally masturbating] [intentionally exposing [his] [her] genitals in a lascivious manner] [committing any other lewd or lascivious act not involving physical or sexual contact with** (victim) **including but not limited to [sadomasochistic abuse] [sexual bestiality] [simulated any act involving sexual activity]].**

3.    (Defendant**) knew or reasonably should have known that the** (victim) **lacked the capacity to consent or failed to give consent.**

*Definitions.  Give as applicable.*
**The words "lewd" and "lascivious" mean the same thing and mean a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act.**

*If 2a or 2c is alleged, define the act charged from* ~~*§ 847.001, Fla. Stat.*~~
~~*§ 825.1025(1), Fla. Stat.*~~

**"Disabled adult" means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person's ability to perform the normal activities of daily living.**

**"Elderly person" means a person 60 years of age or older who is suffering from the infirmities of aging as manifested by advanced age or organic brain damage, or other physical, mental, or emotional dysfunctioning, to the extent that the ability of the person to provide adequately for the person's care or protection is impaired.**

**"Lacks capacity to consent" means an impairment by reason of mental illness, developmental disability, organic brain disorder, physical illness or disability, chronic use of drugs, chronic intoxication, short-term memory loss, or other cause, that causes an elderly person or disabled adult to lack sufficient understanding or capacity to make or communicate reasonable decisions concerning the elderly person's or disabled adult's person or property.**

*Give if applicable. § 775.0862, Fla. Stat.*
*Enhancement for sexual offense against student by school authority figure.*
**If you find that** (defendant) **committed the crime of [Lewd or Lascivious Battery] [Lewd or Lascivious Molestation] [Lewd or Lascivious Exhibition] upon or in the Presence of an [Elderly] [Disabled] Person, you must also determine whether the State has proved beyond a reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure" means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.**

**"School" means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of Education]. The term "school" does not include facilities dedicated exclusively to the education of adults.** *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat. for "private school" or "voluntary prekindergarten*

- 21 -

*education program" or "early learning program" or "public school as described in s. 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student" means a person younger than 18 years of age who is enrolled at a school.**

### Lesser Included Offenses

| 11.14 LEWD OR LASCIVIOUS OFFENSES COMMITTED UPON OR IN THE PRESENCE OF AN ELDERLY PERSON OR DISABLED PERSON – 825.1025 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA._STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Assault | 784.011 | 8.1 |
| | Battery | 784.03 | 8.3 |
| | Unnatural and lascivious act | 800.02 | 11.8 |
| | Exposure of sexual organs | 800.03 | 11.9 |

### Comments

§ 825.1025, Fla. Stat. protects a "disabled person" (age unspecific) while § 825.101, Fla. Stat. defines a "disabled adult" (18 years of age or older). The discrepancy between the two terms has yet to be clarified.

This instruction was adopted in 2007 [965 So. 2d 811] and amended in 2010 [48 So. 3d 41] and 2015. ~~*See Jennings v. State*, 920 So. 2d 32 (Fla. 2d DCA 2005).~~

### 11.13 VOYEURISM
§ 810.14, Fla. Stat.

**To prove the crime of Voyeurism, the State must prove the following [three] [four] elements beyond a reasonable doubt:**

*Give if § 810.14(1)(a), Fla. Stat. is charged.*
**1.** (Defendant) **secretly** ~~[observed]~~ (victim)**.**

2.	~~The~~ ~~(act alleged)~~ (Defendant's) **observation was done with a [lewd], [lascivious], or [indecent] intent.**

3.	**When** (victim) **was observed,** ~~[he]~~ ~~[she]~~ (victim) **was in a [dwelling] [structure] [conveyance] in which [he] [she] had a reasonable expectation of privacy.**

*Give if § 810.14(1)(b), Fla. Stat. is charged.*

1.	(Defendant) **secretly observed any portion of** (victim's) **body or undergarments that were covered by clothing and were intended to be protected from public view.**

2.	(Defendant's) **observation was done with a lewd, lascivious, or indecent intent.**

3.	**At the time,** (victim) **was located in a public or private [dwelling] [structure] [conveyance].**

4.	(Victim) **had a reasonable expectation of privacy in the portion of [his] [her] body or undergarments observed by** (defendant)**.**

   **The words lewd, lascivious, and indecent mean the same thing: a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing the act.**

   *Definitions. Give as applicable. Jacobs v. State, 41 So. 3d 1004 (Fla. 1st DCA 2010).*

   **"Dwelling" means a building [or conveyance] of any kind, including any attached porch [or attached garage], whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it. The enclosure need not be continuous and may have an opening for entering and exiting.**

   *Jacobs v. State, 41 So. 3d 1004 (Fla. 1st DCA 2010).*

   **"Structure" means any kind of building, either temporary or permanent, that has a roof over it, together with the enclosed space of ground and outbuildings immediately surrounding it. The enclosure need not be continuous and may have an opening for entering and exiting.**

**"Conveyance"** means any motor vehicle, ship, vessel, railroad car, trailer, aircraft or sleeping car.

**Lesser Included Offenses**

| VOYEURISM — 810.14 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

It is error to inform the jury of a prior conviction before a determination of guilt of the charged offense. Therefore, do not read the allegation of prior conviction or send the information or indictment into the jury room. If the defendant is convicted of the current charge, the historical fact of a previous conviction shall be determined beyond a reasonable doubt by the jury in a bifurcated proceeding. *State v. Harbaugh*, 754 So. 2d 691 (Fla. 2000).

This instruction was adopted in 2000 [765 So. 2d 692], and amended in 2008 [982 So. 2d 1160], and 2013 [122 So. 3d 263], and 2015.

**11.17(a) SOLICITING A [CHILD] [PERSON BELIEVED BY THE DEFENDANT TO BE A CHILD] FOR UNLAWFUL SEXUAL CONDUCT USING COMPUTER SERVICES OR DEVICES**
§ 847.0135(3)(a), Fla. Stat.

**To prove the crime of Soliciting a [Child] [Person Believed by the Defendant to be a Child] for Unlawful Sexual Conduct Using Computer Services or Devices, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **knowingly used a[n] [computer on-line service] [Internet service] [local bulletin board service] [device capable of electronic data storage or transmission] to contact** (victim)**.**

2. (Victim) **was a child or a person believed by the defendant to be a child.**

**3.** **During that contact,** (defendant) **[seduced] [solicited] [lured] [enticed] [attempted to [seduce] [solicit] [lure] [entice]]** (victim) **to** ~~engage in~~ **[commit** (any illegal act as charged in the indictment or information under chapter 794, 800, or 827~~,~~)**]** ~~or~~ **[or] [engage in** (other unlawful sexual conduct with a child or with a person believed by the defendant to be a child)**].**

**The mere fact that an undercover operative or law enforcement officer was involved in the detection and investigation of this offense shall not constitute a defense from prosecution.**

*Enhanced penalty. Give if applicable.*
**If you find** (defendant) **guilty of Soliciting a Child for Unlawful Sexual Conduct Using Computer Services or Devices, you must also determine whether the State** ~~has~~ **proved beyond a reasonable doubt that**~~:~~ **during the contact,** (defendant) **misrepresented [his] [her] age to [**(victim)**] [the person believed by the defendant to be a child].**

> ~~during the contact,~~ (~~defendant~~) ~~misrepresented [his] [her] age to [(victim)] [the person believed by the defendant to be a child].~~

~~The mere fact that an undercover operative or law enforcement officer was involved in the detection and investigation of this offense shall not constitute a defense from prosecution.~~

*Definitions.*
**A "child" means any person, whose identity is known or unknown, less than 18 years of age.**

*Give the following definitions if applicable. Additional definitions can be added as applicable depending on the nature of the alleged illegal conduct. See § 847.001, Fla. Stat.*
**"Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed. A mother's breastfeeding of her baby does not under any circumstance constitute "sexual conduct."**

**"Sadomasochistic abuse"** means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm upon another or receiving such harm oneself.

**"Sexual battery"** means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.

*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**"An object" includes a finger.**

**"Deviate sexual intercourse"** means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.

**"Sexual bestiality"** means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.

*Give if applicable. § 775.0862, Fla. Stat.*
*Enhancement for sexual offense against student by school authority figure.*
**If you find that** (defendant) **committed the crime of Soliciting a [Child] [Person Believed by the Defendant to be a Child] for Unlawful Sexual Conduct Using Computer Services or Devices, you must also determine whether the State has proved beyond a reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure" means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.**

**"School" means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of Education]. The term "school" does not include facilities dedicated exclusively to the education of adults.** *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat. for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described*

*in s. 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student" means a person younger than 18 years of age who is enrolled at a school.**

### Lesser Included Offenses

No lesser included offenses have been identified for this offense.

### Comment

This instruction was adopted in 2009 [6 So. 3d 574] and amended in 2013 [122 So. 3d 263] and 2015.

### 11.17(b) SOLICITING A PARENT, LEGAL GUARDIAN, OR CUSTODIAN OF A CHILD FOR UNLAWFUL SEXUAL CONDUCT USING COMPUTER SERVICES OR DEVICES
§ 847.0135(3)(b), Fla. Stat.

**To prove the crime of Soliciting a Parent of a Child for Unlawful Sexual Conduct Using Computer Services or Devices, the State must prove the following two elements beyond a reasonable doubt:**

1.  (Defendant) **knowingly used a[n] [computer on-line service] [Internet service] [local bulletin board service] [device capable of electronic data storage or transmission] to contact a [parent of a child] [legal guardian of a child] [custodian of a child] [person the defendant believed to be a [parent] [legal guardian] [custodian of] a child].**

2.  **During that contact,** (defendant) **[solicited] [lured] [enticed] [attempted to [solicit] [lure] [entice]] a [parent of a child] [legal guardian of a child] [custodian of a child] [person believed by the defendant to be a [parent] [legal guardian] [custodian of] a child] to consent to the participation of the child in** (any illegal act as charged in the indictment or information under chapter 794, 800, 827, or other unlawful sexual conduct)**.**

**The mere fact that an undercover operative or law enforcement officer was involved in the detection and investigation of this offense shall not constitute a defense from prosecution.**

*Enhanced penalty. Give if applicable.*
**If you find** (defendant) **guilty of Soliciting a Parent of a Child for Unlawful Sexual Conduct Using Computer Services or Devices, you must also determine whether the State** ~~has~~ **proved beyond a reasonable doubt that** ~~:~~ **during the contact,** (defendant) **misrepresented [his] [her] age to the [parent] [legal guardian] [custodian] [person believed by the defendant to be a [parent] [legal guardian] [custodian]].**

> ~~**during the contact,** (defendant) **misrepresented [his] [her] age to the [parent] [legal guardian] [custodian] [person believed by the defendant to be a [parent] [legal guardian] [custodian].**~~

~~**The mere fact that an undercover operative or law enforcement officer was involved in the detection and investigation of this offense shall not constitute a defense from prosecution.**~~

*Definitions.*
**A "child" means any person, whose identity is known or unknown, less than 18 years of age.**

*Give the following definitions if applicable. Additional definitions can be added as applicable depending on the nature of the alleged illegal conduct. See § 847.001, Fla. Stat.*
**"Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed. A mother's breastfeeding of her baby does not under any circumstance constitute "sexual conduct."**

**"Sadomasochistic abuse" means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm upon another or receiving such harm oneself.**

**"Sexual battery"** means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.

*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**"An object"** includes a finger.

**"Deviate sexual intercourse"** means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.

**"Sexual bestiality"** means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.

*Give if applicable. § 775.0862, Fla. Stat.*
*Enhancement for sexual offense against student by school authority figure.*
**If you find that** (defendant) **committed the crime of Soliciting a Parent of a Child for Unlawful Sexual Conduct Using Computer Services or Devices, you must also determine whether the State has proved beyond a reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure"** means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.

**"School"** means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of Education]. The term "school" does not include facilities dedicated exclusively to the education of adults.** *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat. for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described in s. 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student"** means a person younger than 18 years of age who is enrolled at a school.

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 2009 [6 So. 3d 574] and amended in 2013 [122 So. 3d 263] and 2015.

## 11.20 TRANSMISSION OF CHILD PORNOGRAPHY BY ELECTRONIC DEVICE OR EQUIPMENT
§ 847.0137(2) and (3), Fla. Stat.

**To prove the crime of Transmission of Child Pornography by Electronic Device or Equipment, the State must prove the following two elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
*§ 847.0137(2), Fla. Stat.*
1. **a.** (Defendant)**, when in the State of Florida, transmitted child pornography.**

   *§ 847. 0137(3), Fla. Stat.*
   **b.** (Defendant)**, when not in the State of Florida, transmitted child pornography to any person who was in the State of Florida.**

2. (Defendant) **knew or reasonably should have known that [he] [she] transmitted child pornography.**

*Definitions. Give as applicable.*
*§ 847.0137(1)(b), Fla. Stat.*
**"Transmit" means the act of sending and causing to be delivered any image, information, or data from one or more persons or places to one or more other persons or places over or through any medium, including the internet, by use of any electronic equipment or device.**

*§ 847.001(3), Fla. Stat.*
**"Child pornography" means any image depicting a minor engaged in sexual conduct.**

*§ 847.0137(1)(a), Fla. Stat.*
**"Minor" means any person less than 18 years of age.**

*§ 847.001(16), Fla. Stat.*
**"Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclosed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed. A mother's breastfeeding of her baby does not under any circumstance constitute "sexual conduct."**

*§ 847.001(19), Fla. Stat.*
**"Simulated" means the explicit depiction of conduct described in the definition of "sexual conduct" which creates the appearance of such conduct and which exhibits any uncovered portion of the breasts, genitals, or buttocks.**

*§ 847.001(5), Fla. Stat.*
**"Deviate sexual intercourse" means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.**

*§ 847.001(15), Fla. Stat.*
**"Sexual bestiality" means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.**

*§ 847.001(13), Fla. Stat.*
**"Sadomasochistic abuse" means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm on another or receiving such harm oneself.**

*§ 847.001(14), Fla. Stat.; Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**"Sexual Battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by a finger or any other object; however, "sexual battery" does not include an act done for a bona fide medical purpose.**

*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**"An object" includes a finger.**

*Give if applicable. § 775.0862, Fla. Stat.*
*Enhancement for sexual offense against student by school authority figure.*
**If you find that** (defendant) **committed the crime of Transmission of Child Pornography by Electronic Device or Equipment, you must also determine whether the State has proved beyond a reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure" means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.**

**"School" means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of Education]. The term "school" does not include facilities dedicated exclusively to the education of adults.** *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat. for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described in s. 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student" means a person younger than 18 years of age who is enrolled at a school.**

### Lesser Included Offenses

| TRANSMISSION OF CHILD PORNOGRAPHY BY ELECTRONIC DEVICE OR EQUIPMENT - 847.0137(2) and (3) | | | |
| --- | --- | --- | --- |
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

### Comment

This instruction was adopted in 2015.

# 11.21 TRANSMISSION OF MATERIAL HARMFUL TO MINORS BY ELECTRONIC DEVICE OR EQUIPMENT
§ 847.0138(2), Fla. Stat.

**To prove the crime of Transmission of Material Harmful to Minors by Electronic Device or Equipment, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **knowingly sent an image, information or data that [he] [she] knew or believed to be "harmful to minors."**

2. (Defendant) **sent the image, information or data to a specific individual who was either actually known by [him] [her] to be a minor or believed by [him] [her] to be a minor.**

3. (Defendant) **sent the image, information or data via electronic mail.**

*Definitions. Give as applicable.*
*§ 847.001(6), Fla. Stat.*
**An image, information, or data that is "harmful to minors" means any reproduction, imitation, characterization, description, exhibition, presentation, or representation, of whatever kind or form, depicting nudity, sexual conduct, or sexual excitement when it:**
    (a) **Predominately appeals to a prurient, shameful, or morbid interest;**
    (b) **Is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable material or conduct for minors; and**
    (c) **Taken as a whole, is without serious literary, artistic, political, or scientific value for minors.**

**A mother's breastfeeding of her baby is not under any circumstance "harmful to minors."**

*§ 847.0137(1)(a), Fla. Stat.*
**"Minor" means any person less than 18 years of age.**

*§ 847.001(9), Fla. Stat.*
**"Nudity" means the showing of the human male or female genitals, pubic area, or buttocks with less than a fully opaque covering; or the showing of the female breast with less than a fully opaque covering of any portion**

**thereof below the top of the nipple; or the depiction of covered male genitals in a discernibly turgid state. A mother's breastfeeding of her baby does not under any circumstance constitute "nudity," irrespective of whether or not the nipple is covered during or incidental to feeding.**

*§ 847.001(16), Fla. Stat.*
**"Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclosed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed. A mother's breastfeeding of her baby does not under any circumstance constitute "sexual conduct."**

*§ 847.001(19), Fla. Stat.*
**"Simulated" means the explicit depiction of conduct described in the definition of "sexual conduct" which creates the appearance of such conduct and which exhibits any uncovered portion of the breasts, genitals, or buttocks.**

*§ 847.001(5), Fla. Stat.*
**"Deviate sexual intercourse" means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.**

*§ 847.001(15), Fla. Stat.*
**"Sexual bestiality" means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.**

*§ 847.001(13), Fla. Stat.*
**"Sadomasochistic abuse" means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm on another or receiving such harm oneself.**

*§ 847.001(14), Fla. Stat.*
**"Sexual Battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by a finger or any other object; however, "sexual battery" does not include an act done for a bona fide medical purpose.**

*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**"An object" includes a finger.**

*§ 847.001(17), Fla. Stat.*
**"Sexual excitement" means the condition of the human male or female genitals when in a state of sexual stimulation or arousal.**

*Give if applicable. § 775.0862, Fla. Stat.*
*Enhancement for sexual offense against student by school authority figure.*
**If you find that** (defendant) **committed the crime of Transmission of Material Harmful to Minors by Electronic Device or Equipment, you must also determine whether the State has proved beyond a reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure" means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.**

**"School" means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of Education]. The term "school" does not include facilities dedicated exclusively to the education of adults.** *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat. for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described in s. 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student" means a person younger than 18 years of age who is enrolled at a school.**

<u>**Lesser Included Offenses**</u>

No lesser included offenses have been identified for this offense.

<u>**Comment**</u>

This instruction was adopted in 2015.

<u>**15.5 RESISTING RECOVERY OF STOLEN PROPERTY**</u>
<u>§ 812.015(6), Fla. Stat.</u>

**To prove the crime of Resisting Recovery of Stolen Property, the State must prove the following five elements beyond a reasonable doubt:**

1. (Defendant) **[was committing] [or] [had a committed] a theft of property from** (name of owner or custodian of property)**.**

2. **During or after the theft,** (victim) **made a reasonable effort to recover the property.**

3. (Defendant) **resisted** (victim's) **effort to recover the property.**

4. **At the time of** (defendant's) **resistance,** (victim) **had probable cause to believe** (defendant) **had concealed or removed the property from [its place of display] [**(place where property had been kept)**].**

5. **At the time of the resistance,** (victim) **was a [merchant] [merchant's employee] [law enforcement officer].**

*Definitions.*
*§ 812.014(1), Fla. Stat.*
**A "theft" occurs when someone knowingly and unlawfully obtains or uses or endeavors to obtain or to use the property of another and does so with intent to, either temporarily or permanently, deprive the person of his or her right to the property or any benefit from it or to appropriate the property to his or her own use or to the use of any person not entitled to it.**

*§ 812.012(4), Fla. Stat.*
**"Property" means anything of value, and includes tangible personal property.**

- 36 -

*§ 812.015(1), Fla. Stat.*
**"Merchant" means an owner or operator, or the agent, consignee, employee, lessee, or officer of an owner or operator, of any premises or apparatus used for retail purchase or sale of any merchandise.**

*§ 812.015(1), Fla. Stat.*
**"Merchandise" means any personal property, capable of manual delivery, displayed, held, or offered for retail sale by a merchant.**

*Maryland v. Pringle, 540 U.S. 366 (2003); State v. Neumann, 567 So. 2d 950 (Fla. 4th DCA 1990).*
**"Probable cause" is not capable of a precise quantification into percentages because it depends on an assessment of probabilities in a particular factual context. The term "probable cause" does not mean more likely true than false. Instead, "probable cause" is a practical, common sense determination, given the totality of circumstances, including a person's knowledge, training and experience, as to whether there was a fair probability for a person to believe a certain fact is true.**

*Affirmative Defense. § 812.015(6), Fla. Stat.*
*The statute and case law are silent as to 1) which party bears the burden of persuasion of the affirmative defense and 2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence. The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinions in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*
**It is a defense to the crime of Resisting Recovery of Stolen Property if, at the time of the resistance,** (defendant) **did not know or did not have reason to know that** (victim) **was a [merchant] [merchant's employee] [law enforcement officer].**

*If burden of persuasion is on the defendant:*
**If you find that defendant proved** *(insert appropriate burden of persuasion)* **that [he] [she] did not know or did not have reason to know that** (victim) **was a [merchant] [merchant's employee] [law enforcement officer],**

**you should find [him] [her] not guilty. If the defendant did not prove** *(insert appropriate burden of persuasion)* **that [he] [she] did not know or did not have reason to know that** (victim) **was a [merchant] [merchant's employee] [law enforcement officer], you should find [him] [her] guilty, if all the elements of the charge have been proven beyond a reasonable doubt.**

*If burden of persuasion is on the State:*
**If you find that the State proved** *(insert appropriate burden of persuasion)* **that the defendant knew or had reason to know that** (victim) **was a [merchant] [merchant's employee] [law enforcement officer], you should find [him] [her] guilty, if all of the elements of the charge have been proven beyond a reasonable doubt. However, if you are not convinced** *(insert appropriate burden of persuasion)* **that the defendant knew or had reason to know that** (victim) **was a [merchant] [merchant's employee] [law enforcement officer], you should find [him] [her] not guilty.**

## Lesser Included Offenses

| RESISTING RECOVERY OF STOLEN PROPERTY - 812.015(6) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO** |
| Petit theft - second degree* | | 812.014(3)(a) | 14.1 |
| | Attempt | 777.04(1) | 5.1 |
| | Petit theft - first degree* | 812.014(2)(e) | 14.1 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

## Comments

*§ 812.015(6), Fla. Stat., states: "For purposes of this section the charge of theft and the charge of resisting may be tried concurrently." In

*Stuckey v. State*, 972 So. 2d 918 (Fla. 5th DCA 2007), the court interpreted that to mean that a defendant can be prosecuted and convicted for both Resisting a Merchant and Theft without offending double jeopardy. Accordingly, if Theft is charged as a separate count, then Theft should not be given as a lesser-included offense of Resisting a Merchant. If, however, the jurors are being instructed on Resisting a Merchant as a lesser-included offense of Robbery, then Theft should be given as a lesser-included offense.

"Law enforcement officer" is not defined in chapter 812, Florida Statutes, or in case law interpreting § 812.015(6), Fla. Stat. Trial judges may consult § 790.01, Fla. Stat., § 934.02, Fla. Stat., and § 943.10, Fla. Stat. in deciding whether and how to define "law enforcement officer" for the jury.

This instruction was adopted in 2015.